PROKASY, APPELLANT, *v.* PEARLE VISION CENTER, APPELLEE.

(No. 49804—Decided December 16, 1985.)

*Thomas & Boles* and *Stephen G. Thomas,* for appellant.

*Arter & Hadden, Irene Keyse-Walker, Robert C. Tucker* and *Susan E. Raabe,* for appellee.

MARKUS, P.J. The plaintiff customer appeals from a summary judgment dismissing her claim against the defendant optical supplier as barred by limitations. The optical supplier contends that R.C. 2305.10 governs the customer's claim as "an action for bodily injury."

However, to the extent that the claim seeks damages "for the breach of any contract for sale," R.C. 1302.98 governs.

The two years allowed by R.C. 2305.10 expired before she filed this action, but the four years allowed by R.C. 1302.98 had not. Therefore, we reverse the judgment which dismissed the customer's claim for injury or other damage from the breach of a sales contract.

The customer's complaint alleges:

"1. Plaintiff states that she received optometrical services from the defendant, Glenn A. Toth [later voluntarily dismissed pursuant to a settlement], while the defendant was in the course and scope of an employment or agency relationship with the defendant, Pearle Vision Center.

"2. Plaintiff states that defendant, Glenn A. Toth, negligently performed such services, that said defendant breached contractual obligations to perform such services within the standard required by the community of optometry in which said defendant practices, and that said defendant fraudulently and in reckless disregard of the rights of the plaintiff failed to disclose that such services had been performed in a substandard manner.

"3. Plaintiff states that she and her mother purchased contact lenses from the defendant, Pearle Vision Center, on or about January 22, 1979, or February 12, 1979.

"4. Plaintiff states that she was in privity of contract with the defendant, Pearle Vision Center, at the time of such purchase of contact lenses, under Section 1302.31, *Ohio Revised Code.*

"5. Plaintiff states that she suffered bodily injury as a result of using the contact lenses which the defendant Pearle Vision sold to her, which injury includes consequential damages under the Uniform Commercial Code.

"6. Plaintiff states that the defendant, Pearle Vision Center, breached the implied warranty of merchantability, as set forth in the *Ohio Revised Code,* Section 1302.27, when the defendant sold her lenses which were unfit for the use in which they were intended.

"7. Plaintiff further states that the defendants breached express or implied warranties in the sale of goods, or in tort, for which they are strictly liable to the plaintiff, including any incidental and consequential damages she has suffered.

"8. As a result, plaintiff incurred optometrical and medical expenses, and wage loss, and that her damages will continue into the foreseeable future."

The plaintiff's deposition stated that she was fifteen years old when she dealt with the optical supplier. She reached majority on May 22, 1981. Thus, the time allowed by R.C. 1302.98 or R.C. 2305.10 began to run on that date. See R.C. 1302.98(D); 2305.16.

Unless a more specific limitations statute applies, R.C. 2305.10 bars any action for "bodily injury or injuring personal property," whether the claim sounds in tort or contract. *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47 [44 O.O. 72] (R.C. 2305.10 limits passenger's injury claim against carrier that allegedly breached implied contract for safe carriage); cf. *Viock* v. *Stowe-Woodward* (1983), 13 Ohio App. 3d 7, 10-11 (R.C. 2305.10 controls claim for bodily injury from fraudulent, intentional and/or malicious conduct).

However, R.C. 1302.98(A) is a more specific limitations statute for bodily injury or property damage claims arising from a sales contract governed by the commercial code. *Val Decker Packing Co.* v. *Corn Products Sales Co.* (C.A.6, 1969), 411 F.2d 850 [50 O.O.2d 129]. Although a federal court applied Ohio law to decide *Val Decker,* the Ohio Supreme Court later cited that decision and its reasoning with approval. See *U.S. Fidelity & Guaranty Co.* v. *Truck & Concrete Equip. Co.* (1970), 21 Ohio St. 2d 244, 247-251 [50 O.O.2d 480]; see,

also, *Lee* v. *Wright Tool & Forge Co.* (1975), 48 Ohio App. 2d 148, 152 [2 O.O.3d 115]; *Bd. of Edn. of Parma* v. *Lesko Associates, Architects* (Nov. 14, 1985), Cuyahoga App. No. 49781, unreported.

The commercial code does not apply here unless (a) the parties are in privity, (b) the claim arises from a sales contract, and (c) the transaction concerned the sale of goods rather than the provision of services. R.C. 1302.01(A)(8) (definition of "goods"). When the transaction relates primarily to services, an incidental sale of merchandise does not make it a sales contract governed by the commercial code. *Allied Indus. Serv. Corp.* v. *Kasle Iron & Metals* (1977), 62 Ohio App. 2d 144, 146-147 [16 O.O.3d 303].

Damages from a breach of warranty in such a sales contract include the difference between the value of the goods promised and the goods delivered. R.C. 1302.88(B). They may also include compensation for personal injury as consequential damages. R.C. 1302.88(C), 1302.89(B)(2).

The customer's claim against the optical supplier for the optometrist's conduct apparently constitutes a claim for allegedly improper services. Hence, the commercial code and its limitations provision would have no application to that claim, and R.C. 2305.10 would bar it. However, the remaining allegations apparently constitute a claim for the breach of a sales contract. To that extent, her claim is not barred by limitations.

Therefore, we sustain the customer's single assignment of error. We reverse and remand the case against the optical supplier for further proceedings on any claim for breach of the alleged sales contract.

*Judgment reversed and cause remanded.*

JACKSON, J., concurs.

PATTON, J., concurs in judgment only.