DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Yvette Mitchell appeals from the judgment of the Summit County Court of Common Pleas dismissing her complaint for failure to state a claim upon which relief can be granted. We affirm.
Mitchell filed a complaint against Speedy Car-X, Inc., d.b.a. Speedy Brake and Muffler ("Speedy"), in the Summit County Court of Common Pleas on April 25, 1996. The complaint sought damages for bodily injuries that resulted from a breach of contract. In her complaint, Mitchell alleged that she had entered into a contract with Speedy for the repair of her automobile; that on July 21, 1992, a tire fell off of her automobile as she was driving it; that she sustained injuries; that her injuries were caused by Speedy's employees failing to secure her tire properly; and that as a result Speedy had breached its contract with her.
On May 28, 1996, Speedy filed a motion to dismiss under Civ.R. 12(B)(6), arguing that Mitchell failed to bring the action within the applicable statute of limitations. Mitchell responded. On April 29, 1997, the trial court granted Speedy's motion to dismiss. Mitchell now appeals to this court.
Mitchell asserts one assignment of error:
 The trial court erred in dismissing the complaint for failure to state a claim upon which relief can be granted as the complaint states a claim within the applicable statute of limitations.
The trial court held that the applicable statute of limitations was the two year statute of limitations for actions for bodily injury, R.C. 2305.10.[1] Mitchell argues that the applicable limitations period is four years, under R.C. 1302.98,[2] the statute of limitations for the sale of goods.
A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief. Wilson v. State (1995), 101 Ohio App.3d 487,491. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party.Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 93. In order for a complaint to be dismissed under Civ.R. 12(B)(6) as being barred by the statute of limitations, it must be obvious from the face of the complaint that the action is time-barred. Steiner v. Steiner
(1993), 85 Ohio App.3d 513, 518-19. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. Marksman Prods., Div. of S/RIndustries, Inc. (1995), 101 Ohio App.3d 760, 762.
Where a contract is for the sale of goods, R.C. Chapter 1302 (Article 2 of the Uniform Commercial Code) applies. R.C. 1302.02. The applicable statute of limitations for breach of contract actions, including breach of warranty actions, under R.C. Chapter 1302 is four years. R.C. 1302.98. However, "[w]hen the transaction relates primarily to services, an incidental sale of merchandise does not make it a sales contract governed by the commercial code." Prokasy v. Pearle Vision Ctr. (1985), 27 Ohio App.3d 44,46. Therefore, if Mitchell's contract with Speedy was primarily for the sale of goods, then her claims are not time-barred. If the predominant purpose of the contract was for Speedy to provide services to Mitchell, then the two year limitations period of R.C. 2305.10 applies, and the trial court properly dismissed Mitchell's complaint.
We find that the applicable statute of limitations is the two year limitation for bodily injury under R.C. 2305.10. This is for two reasons. First, in her complaint, Mitchell alleges that she suffered severe bodily injury as a result of Speedy breaching its contract with her to repair her car correctly. Mitchell argues that her contract with Speedy was for the sale of goods. The pertinent portions of her complaint read as follows:
 1. [Speedy] is a Delaware corporation * * * offering automobile repair services to the public * * *.
 2. [Mitchell] entered into a contract with "SPEEDY" for the repair of her automobile.
 3. [Speedy], through one or more of its employees, breached this contract by failing to secure the tire of [Mitchell's] automobile.
 4. On July 21, 1992, [Mitchell], while operating her automobile on Romig Road in Summit County, Ohio sustained severe bodily injuries when the tire of her automobile fell off.
* * *
 8. [Mitchell] contracted with [Speedy] for the proper repair of her automobile.
 9. [Speedy] warranted to [Mitchell] that the repair of her automobile would be completed in a workmanlike manner.
 10. [Speedy] breached this contract by failing to properly secure the tire of [Mitchell's] automobile.
* * *
Taking her allegations as true and construing all inferences in her favor, Mitchell's complaint reveals that the basis for her suit stems from Speedy providing a service — performing some repair on her car. Any goods sold as a result of the transaction would have been incidental to the provision of this service. SeeCochran v. Rowe's Transmission (Nov. 23, 1987), Butler App. No. CA87-03-047, unreported (where injury to personal property was alleged after car transmission replacement, R.C. 2305.10 provides the applicable statute of limitations, not R.C. 1302.98). See, also, Jim Bushman's Water Co. v. Bilinovich (Apr. 28, 1993), Summit App. No. 15865, unreported, at 3-4. But, see, Val DeckerPacking Co. v. Corn Prods. Sales Co. (C.A. 6 1969), 411 F.2d 850
(interpreting Ohio law).
Second, we also look to the underlying nature of Mitchell's complaint. In a case decided before R.C. Chapter 1302 was adopted in Ohio, the Ohio Supreme Court held that, where a plaintiff alleges bodily injury as a result of a breach of contract, the two year limitations period of R.C. 2305.10 applies. Andrianos v.Community Traction Co. (1951), 155 Ohio St. 47, paragraph two of the syllabus. Though Andrianos predates the adoption of the Uniform Commercial Code in Ohio, we find the court's reasoning forceful and relevant:
 Surely, the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial.
 In other words, the term, "action," as used in Section 11224-1, General Code [R.C. 2305.10], refers to the nature or subject matter thereof and not to its form as a matter of remedial procedure. Whether the action is strictly in tort or for breach of contract, it is nonetheless an action to recover damages for bodily injury and is governed by the two-year limitation prescribed by Section 11224-1, General Code.
Id. at 51. We find the supreme court's reasoning wholly applicable to the case at bar.
In summary, Mitchell's complaint is grounded in a cause of action for bodily injury and that her contract with Speedy was predominantly for services, not goods. Therefore, the appropriate statute of limitations is two years, under R.C. 2305.10. Mitchell's complaint was filed more than two years after she was injured. Because this defect is obvious from the face of the complaint, the trial court properly granted Speedy's motion to dismiss under Civ.R. 12(B)(6). Accordingly, Mitchell's sole assignment of error is overruled.
Mitchell's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
QUILLIN, J., J. CONCUR.
[1] At the time Mitchell filed her complaint, R.C. 2305.10
read in pertinent part: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."
[2] R.C. 1302.98(A) states in pertinent part: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."