This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Glenn Gall, Betty Baxter, David Sonner, Carol Graham, and Van Kirkendall, appeal from the judgment of the Lorain County Court of Common Pleas, granting the motion to dismiss of appellees, Nancy Dye and Oberlin College. We reverse.
 I.
Appellants are the owners of various rooming houses located in the city of Oberlin, Ohio ("the City"). At least part of their tenants are students attending Oberlin College. The appellants' rooming houses were required to obtain a license from the City, a process which required an inspection by city officials.
In 1997, the City attempted to enforce certain state building codes retroactively in its licensing of rooming houses, including the rooming houses owned by appellants. Appellant Gall permitted an inspection but was granted a conditional license. Appellant Baxter informed the City that she would permit an inspection of her property, but not for the purpose of enforcing the state building codes at issue. The City refused to inspect Baxter's property under that condition and denied her a rooming house license.[1] Appellants Sonner, Graham, and Kirkendall likewise insisted that any inspections could not be for the state building code at issue, and the City denied licenses to them as well.[2]
Appellee Dye, the president of Oberlin College, circulated a letter, dated March 11, 1998, addressed to the "Oberlin Community," regarding students of Oberlin College living in rooming houses. After discussing recent fires in rooming houses in the community, the letter stated in relevant part:
 These fires have occurred at a time when the City of Oberlin is working to enforce and strengthen its fire safety ordinances. This effort is of great importance to Oberlin College and its students, many of whom live in rooming houses throughout the town. The majority of local rooming house owners who rent to students have made or are now making every effort to bring their properties up to the standards demanded by the City of Oberlin and the state of Ohio. Unfortunately, however, some Oberlin landlords refuse to recognize the authority of the city to inspect rental housing and to enforce local and state fire safety codes.
 I am writing this letter to every member of the campus community and to all Oberlin parents to publicize the names and addresses of those local landlords who have met the city's safety standards and to inform you of the identities and addresses of those landlords who refuse to do so. This information has been provided to the College by the Fire Department. No Oberlin student should live in unsafe housing. So seriously does the College take the matter of meeting fire safety standards that the Residential Life and Services staff will not grant permission to live off campus in any regulated rooming house that fails to meet the licensing standards.
* * *
 In the interest of student safety, I append the names and addresses of those individuals operating rooming houses in the City of Oberlin with public information about whether or not they are in compliance with the local rooming house codes.
 (Emphasis sic.) The letter also identified the appellants' rooming house properties under the heading "Unlicensed Rooming Houses" with some defect mentioned beside each of the appellants' properties. Baxter's property was listed as having "[i]nadequate egress" and "[n]o smoke detectors"; the defects alleged in Gall's property were "[i]nstall detectors ('97)," "[i]nadequate egress," and "[p]ortable space heaters." The properties of Sonner, Graham, and Kirkendall were listed as having "[r]efused inspections."
On April 10, 1998, appellants filed a complaint in the Lorain County Court of Common Pleas, alleging defamation and tortious interference with contractual/business relationships. The named defendants, Dye and Oberlin College, moved to dismiss under Civ.R. 12(B)(6). After the issue was briefed by all parties, the trial court granted appellees' motion and dismissed the complaint. This appeal followed.
 II.
Appellants assert one assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING WITH PREJUDICE APPELLANTS' CLAIM OF DEFAMATION AND TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIPS UPON A CIV.R. 12(B)(6) MOTION.
 Appellants argue that their complaint should not have been dismissed for failure to state a claim for which relief may be granted. We will address each cause of action alleged in turn.
 A. Standard of Review
When considering a Civ.R. 12(B)(6) motion to dismiss a complaint, the trial court must determine whether it appears beyond doubt from the complaint that the plaintiffs can prove no set of facts entitling them to recovery. See O'Brien v. Univ.Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The focus is strictly upon the complaint, as factual findings are never required. See State ex rel. Drake v. Athens Cty. Bd. ofElections (1988), 39 Ohio St.3d 40, 41. The court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. "[T]o survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove[.]" State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 549. "We review a dismissal under Civ.R. 12(B)(6) de novo." Mitchell v. Speedy Car-X, Inc. (1998),127 Ohio App.3d 229, 231.
 B. Defamation
Appellants' complaint first alleged a claim for defamation. Because the alleged defamatory communication was written, it is known as libel. Gosden v. Louis (1996), 116 Ohio App.3d 195, 206. "In Ohio, `libel' is defined generally as a false written publication, made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession." (Footnote omitted.) A B-Abell Elevator Co. v. Columbus/Cent.Ohio Bldg. Constr. Trades Council (1995), 73 Ohio St.3d 1, 7. "Where the plaintiff is a `private figure,' the requisite degree of fault is ordinary negligence." Roe v. Franklin Cty. (1996),109 Ohio App.3d 772, 784.
Construing the complaint in favor of appellants, we cannot say beyond doubt that appellants can prove no set of facts permitting recovery for libel. The complaint alleges that Dye, speaking on behalf of Oberlin College, made statements that, in light of the entire letter, were specifically about appellants. The letter referred to appellants as "refus[ing] to recognize the authority of the city to inspect rental housing and to enforce local and state fire safety codes." The complaint alleges that appellants did not refuse inspections that dealt with the City's codes, only that inspections were refused as to the retroactive application of the state building code. Thus, the statement, construed in favor of appellants, is a false statement. The complaint alleged that appellees acted with negligence in making the statements regarding appellants. And appellants also alleged that the statements had harmed them in their rooming house businesses. These facts are sufficient under the notice pleading requirements of Civ.R. 8(A) to state a cause of action for libel.
Appellees argue that the libel claim must fail because of the existence of the affirmative defense of qualified privilege. "Affirmative defenses such as privilege (see Civ.R. 8[C]) generally are not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to materials outside the complaint." Bell v. Horton (1995), 107 Ohio App.3d 824, 826. If the existence of an affirmative defense is obvious from the face of the complaint, however, it may be properly raised in a Civ.R. 12(B)(6) motion. Id. Once a qualified privilege has been shown, a plaintiff may only recover upon demonstrating that the libelous statement was made "with `actual malice,' that is, with knowledge that the statements are false or with reckless disregard of whether they were false or not." Hahn v. Kotten (1975), 43 Ohio St.2d 237, paragraph two of the syllabus.
We conclude that the affirmative defense of qualified privilege is not obvious on the face of the complaint. In Bell v.Horton, the Fourth District Court of Appeals dealt with a similar assertion. The court, in finding that qualified privilege could not be established from the complaint, stated:
 Counts four and five [of the plaintiff's complaint] allude to several elements which are necessary to establish the defense of qualified privilege. However, both counts specifically allege that the offending statements were made with malice. In order to establish a qualified privilege, it must be shown that the defendant communicated in good faith.
 Bell v. Horton, 107 Ohio App.3d at 829-30. In the case at bar, appellants' complaint alleged that Dye and Oberlin College acted with actual malice. This allegation of actual malice, which we must accept as true, does not permit us to find the good faith element of a qualified privilege on the face of the complaint. Therefore, as in Bell v. Horton, the affirmative defense of qualified privilege is not cognizable in a Civ.R. 12(B)(6) motion.
 C. Tortious Interference with Contractual/Business Relationships
The second cause of action alleged by appellants was the tort of interference with contractual or business relationships. The elements of the tort are: "(1) a business relationship or contract; (2) the wrongdoer's knowledge of the relationship or contract; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages." Brookeside Ambulance,Inc. v. Walker Ambulance Serv. (1996), 112 Ohio App.3d 150,155-56. A defendant is not liable if he can show a qualified privilege, as in a defamation action. A B-Abell,73 Ohio St.3d at 15. Such a privilege must be overcome by a showing of actual malice, as in a defamation case. Id.
Appellees contend that the appellants' allegations of tortious interference do not state a cause of action for three reasons: (1) appellants have not shown with specificity what contracts have been breached; (2) a qualified privilege exists; and (3) there is no showing of damages. Appellees' arguments are not well taken.
The issue of a qualified privilege was resolved above in the discussion of appellants' libel claim — because there is a sufficient allegation of actual malice, the good faith requirement of the qualified privilege is not found on the face of the complaint. We also reject appellees' contentions that appellants must be more specific in their allegations of breach and damages. The complaint alleges that, as a result of Dye's letter, "the leases and business relationships between [appellants] and their current and future tenants, including Oberlin College students" were interfered with. The complaint also alleged that this interference caused appellants to suffer damages in excess of $25,000. As we noted above, notice pleading does not require the specificity in the complaint that appellees seek to require. A "short and plain statement of the claim" will do. Civ.R. 8(A). The complaint alleged a cause of action for tortious interference sufficient enough to survive a Civ.R. 12(B)(6) motion.
 D. Conclusion
On both of appellants' claims, we cannot say that appellants' complaint fails to state a claim upon which relief can be granted. Thus, the trial court erred by granting appellees' motion. Appellants' sole assignment of error is sustained.
 III.
Appellants' assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
CARR, P. J.
WHITMORE, J.
CONCUR
[1] Gall and Baxter appealed to the State Board of Building Appeals and prevailed. The City appealed that decision; the appeal was pending when the complaint was filed.
[2] Sonner, Graham, and Kirkendall appealed to the Oberlin Planning Commission; their appeals were pending at the time the complaint was filed.