OPINION
In the following appeal, submitted on the record and briefs of the parties, appellant, Rickey S. Rutledge (hereinafter "Rutledge"), appeals from the decision of Trumbull County Common Pleas Court to dismiss his petition for a writ of mandamus. Appellant sought a writ commanding the appellee, the Ohio Department of Rehabilitations and Corrections (Hereinafter "ODRC"), to restore Rutledge's status as a medium security prisoner, to remove "erroneous" information from his prison record, and to order the Adult Parole Authority (hereinafter "APA") to hold a new parole hearing based upon the revised information.
As an initial matter, the ODRC asked this Court to consider an alternative ground for affirming the dismissal of Rutledge's petition, to wit, that Rutledge failed to comply with R.C. 2969.25
by filing a list detailing all the lawsuits he filed in the five years previous to filing the current suit. Rutledge did initially file on April 3, 1998, without the required list. However, he did subsequently make the required list, which was notarized on April 7, 1998, and file this with his petition. The Trumbull County Clerk of Courts subsequently amended the filing date of the petition to May 22, 1998. The ODRC has not taken issue with this filing date, and it is the date they consider the petition filed, as indicated in their brief. Hence the required list was filed contemporaneously with the petition and we will not affirm the decision of the trial court on the proposed alternative ground.
Rutledge was incarcerated on December 21, 1989, for three counts of felonious assault and felonious assault on a peace officer (which involved firing a gun at the peace officer). He was sentenced to serve five to twenty-five years, the maximum term ending in the year 2014. On September 8, 1997, as a result of an investigation into marijuana use by prisoners, Rutledge was placed in segregation and ultimately charged with a class II violation of prison rules for what would constitute a violation of R.C.2925.03, Trafficking in Drugs, Marijuana. A hearing was held by the Rules Infraction Board (hereinafter "RIB") on October 23, 1997. Rutledge was found guilty of the violation and as part of his sanction was transferred to a maximum security facility.
In his petition for mandamus requesting the removal of the RIB conviction from his record, Rutledge's argument is characteristic of a manifest weight of the evidence argument. Rutledge points out that no marijuana was found on his person or in his prison cell, and the person on whom the marijuana was found testified that it did not belong to Rutledge and that Rutledge had nothing to do with it. Therefore, he argues, he could not be found guilty. However, the RIB based its finding on statements made by two confidential informants, not on the physical evidence, or lack thereof.
RIB hearings for class II violations are governed by Ohio Adm. Code 5120-9-07. Ohio Adm. Code 5120-9-07(V)(2) allows the admission of confidential statements into the record of RIB hearings, the content and source of which need not be disclosed to the alleged offender if such disclosure would create a risk of harm to the witness. Thus, the statements were admissible. Their content is not part of the record before this court, nor is it our function to weigh this evidence.
Relevant to this appeal is the lack of any claim or indication in the record Rutledge attempted to appeal the RIB decision. Ohio Adm. Code 5120-9-07(CC) requires the inmate be informed of his right to appeal a RIB decision and sets forth the procedure. There is no claim or indication the RIB did not follow this procedure. An appeal of a RIB ruling must be filed within fifteen days of the decision. It is made to the director of ODRC. No appeal was filed.
Over four months later, on March 11, 1998, the parole board held a hearing wherein the board decided to continue Rutledge's sentence until June 1, 2004. It was not until after this decision and within a petition for a writ of mandamus that Rutledge first legally challenged the validity of his RIB conviction resulting from the October 23, 1997 hearing.
The writ requested an evidentiary hearing wherein Rutledge hoped to overturn the RIB conviction, have it removed from his record, and requested the court order a new parole hearing under the revised circumstances. It is Rutledge's contention, which is supported by his brief, exhibit #7, "Offender Hearing Record", that as a result of his October 1997 RIB conviction, a range of twenty-eight months was added to the time he would serve prior to reconsideration for parole. Exhibit #7 indicates, in fact, a range of twenty to twenty-eight months was added to the time they determined he should serve before release.
On May 22, 1998, Rutledge filed his petition for a writ of mandamus. On June 25, 1998, the ODRC filed a motion to dismiss for failure to state a claim under which relief can be granted. The ODRC used the same arguments as in their response to this appeal, which will be discussed infra where relevant. The trial court granted the motion to dismiss on November 4, 1998. Rutledge timely filed notice of appeal, assigning the following error:
 "The trial court abused its discretion when it dismissed appellant's mandamus without holding a hearing to determine the merits"
 Rutledge contends it was an abuse of discretion for the court to deny the writ without first conducting an evidentiary hearing to determine the merit of his claim that his RIB conviction in October of 1997 was improper. The ODRC filed its motion to dismiss on the grounds that Rutledge did not state a claim upon which relief could be granted. When considering a Civ.R. 12(B)(6) motion to dismiss a complaint, the trial court must determine whether it appears beyond a doubt from the complaint that the plaintiffs can prove no set of facts entitling them to recovery. See O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242, syllabus. The focus is strictly upon the complaint, as factual findings are never required. State ex rel. Drake v. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40, 41. As factual findings are not required, by definition a court need not conduct a hearing to determine the merits of a Civ.R. 12(B)(6) motion and, therefore, cannot have abused its discretion in granting the motion without a hearing. However, particularly in light of Rutledge's pro se status, we will review the court's decision to grant the motion to dismiss. The review of a dismissal under Civ.R.12(B)(6) is de novo. Mitchell v. Speedy Car-X, Inc. (1998), 127 Ohio App.3d 229, 231.
The question is whether, based on the information in the complaint, Rutledge can establish any set of facts which would meet the elements necessary for a writ of mandamus to issue. InState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, the Supreme Court stated:
 "This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate `(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.'" Id. at 29, citing State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, paragraph one of the syllabus.
 In its judgment entry granting the motion to dismiss, the trial court did not explain its rationale, rather, it granted the motion without explanation. On appeal, Rutledge argues he has a clear legal right to the relief requested, and that the ODRC has a clear legal duty to perform the acts, but he does not address the third prong of the requirements for a writ of mandamus to issue. Likewise, in their motion to dismiss and brief, the ODRC argues Rutledge does not have a clear legal right to the relief requested, nor do they have a clear legal duty to provide it. The ODRC does not address the third prong either, which prong is dispositive of this appeal.
Rutledge did not appeal the decision of the RIB. Rather, approximately four months after the fact, he attempts to overturn that decision by way of a writ of mandamus. That is not appropriate. We cannot ignore the third requirement for a writ of mandamus to issue. In Berger the court stated:
 "It is firmly established that the writ of mandamus will not issue `. . . where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' State, ex rel. Sibarco Corp., v. City of Berea (1966), 7 Ohio St.2d 85, 88;. . . . Moreover, it is axiomatic that a `discretionary right of appeal . . . [constitutes] a sufficiently plain and adequate remedy in the ordinary course of the law.' State, ex rel. Cleveland, v. Calandra (1980), 62 Ohio St.2d 121, 122." Id. at 30. (Citations omitted).
 After the decision of the RIB, Rutledge had the right to appeal the decision to the Director of the ODRC. He did not do so. A prisoner cannot waive this right to appeal a decision of the RIB and then later attempt to attack it collaterally by a writ of mandamus. Furthermore, a writ of mandamus would lie only where the ODRC refused to do what the law required it to do. Thus, for a writ of mandamus to become an appropriate form of relief, an inmate would not only have to exercise the right to an appeal, but he would have to obtain a favorable ruling on appeal. Subsequent to that, he would have to be denied the relief legally required as a result of the appellate ruling. At that point, it would be appropriate to request relief by filing a petition for a writ of mandamus.
If Rutledge felt the RIB decision was unjust, he should have availed himself of the remedy provided him. In his argument, Rutledge discusses the cases of inmate Anthony Reeves. What is noteworthy in the present context is Reeves did appeal two RIB decisions to the Director of the ODRC and obtained favorable rulings in both instances. We hold that before an inmate may approach a court of common pleas seeking a writ of mandamus related to a RIB decision, he must have exercised his right to appeal that decision as provided by law, and he must have succeeded in obtaining a favorable ruling.
The judgment of the trial court is affirmed.
FORD, P.J., NADER, J., concur.