OPINION
This is an accelerated calendar appeal from the judgment of the Trumbull County Court of Common Pleas dismissing appellant's, Dante Vincent Camastro, complaint against appellees, Motel 6 Operating L.P. ("Motel 6") and Brash Realty Company ("Brash Realty").
On September 15, 1999, appellant filed a complaint against appellees in the Trumbull County Court of Common Pleas alleging three causes of action which arose out of an alleged oral real estate transaction: (1) breach of contract; (2) breach of implied covenant of good faith; and (3) fraud. In his complaint, appellant maintained that during October and November 1997, he bargained with Motel 6 through its agent, Brash Realty, to purchase certain Motel 6 property located at 1600 Motor Inn Drive in Girard, Ohio. Originally, the asking price of the property was $1.1 million. However, after negotiations, appellant made a reduced oral offer of $1.075 million to Brash Realty. This offer was allegedly orally accepted by Brash Realty on behalf of Motel 6. Without a signed contract, appellant forwarded a check for $25,000 in earnest money to Motel 6 on November 17, 1997.
According to the complaint, between November 27, 1997 and January 7, 1998, "Brash Realty * * * informed [appellant] on several occasions that the contract was made, the essential terms of the contract were bargained for and assented to by all parties, and the only reason [appellant] did not have a signed contract was because of Motel 6's `red tape and paperwork.'"
The alleged breach of contract came on January 7, 1998 when appellees denied any obligation to sell the property to appellant and returned his uncashed check. Appellant claimed that by doing so, appellees acted in bad faith, thereby breaching the implied covenant of good faith and fair dealing.
As to the allegation of fraud in the complaint, appellant maintained in his complaint that Brash Realty informed him that "a formal contract would be sent out to [him] for his signature." According to appellant, Brash Realty further informed him that "the only reason [he] did not have a signed contract in hand was because of Motel 6's `red tape and paperwork.'" However, after appellant submitted his earnest money, appellees began negotiating with other parties to obtain a better offer. From this conduct, appellant believed that appellees were liable for fraud.[1]
In response to the complaint, Brash Realty filed a motion to dismiss pursuant to Civ.R. 12(6) on the basis that appellant failed to state a claim upon which relief can be granted. Likewise, Motel 6 filed a motion for judgment on the pleadings under Civ.12(C). Appellant filed motions in opposition respectively and also voluntarily dismissed without prejudice the breach of contract claim against Brash Realty.[2]
In a judgment entry dated March 14, 2000, the trial court granted Brash Realty's motion to dismiss the remainder of appellant's complaint. The court reasoned that because appellant had voluntarily dismissed the breach of contract claim against Brash Realty, there was nothing left to base the claim for breach of implied covenant of good faith and fair dealing. In addition, the court dismissed the fraud claim on the basis that appellant could not have justifiably relied upon any misrepresentation made by Brash Realty as to the status of the alleged oral contract when the statute of frauds had not been satisfied.
In a separate judgment entry also filed on that same date, the trial court granted Motel 6's motion for judgment on the pleadings. The court reasoned that appellant's breach of the alleged oral contract claim was barred pursuant to the defense of statute of frauds as the doctrine of promissory estoppel was not available to bar the application of this defense.[3]
In response to having his complaint dismissed, appellant filed a motion for reconsideration with the trial court, which was denied on March 30, 2000.[4] Appellant then filed a timely notice of appeal presenting two assignments of error for our consideration:
 "[1.] The Trial Court erred in finding that the Appellant's claims are barred due to the Statute of Frauds[.]
 "[2.] The Trial Court erred in dismissing Appellant's action against Appellees[.]"
 Under his first assignment of error, appellant cites to McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, for the proposition that the doctrine of promissory estoppel can bar the defense of statute of frauds to an action based on an oral contract. According to appellant, the parties negotiated a contract wherein all of the essential terms of the contract were met, and a promise was made on numerous occasions by appellees that the agreement would be reduced to writing. For these reasons, appellant believes that the trial court erred in granting Motel 6's motion for judgment on the pleadings.[5]
Pursuant to Civ.R. 12(C), dismissal is appropriate when a court construes the material allegations in the complaint in favor of the nonmoving party and finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565,570. "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." Midwest Pride at 570. Accordingly, an appellate court must conduct a de novo review of all legal issues without deference to the trial court. Flanagan v. Williams (1993), 87 Ohio App.3d 768,772.[6]
Before considering whether the doctrine of promissory estoppel is a recognized exception to the defense of statute of frauds, we must first determine the validity of appellant's first premise that an otherwise enforceable oral contract existed between the parties. Specifically, appellant claims that his reliance on Brash Realty's assurance that Motel 6 had accepted his offer and would send out a written contract constituted promissory estoppel, an exception to the statute of frauds. As a result, we look to see if there was such an oral contract which would otherwise be enforceable.
Whether verbal or written, the general rule of contract formation is that there must be: (1) an offer; (2) acceptance; (3) consideration; and (4) a legal subject matter. Ravenna v. Fouts (Feb. 4, 1994), Portage App. No. 92-P-0098, unreported, at 3, 1994 WL 88980. Thus, for a contract to exist, there must first be mutual assent or a meeting of the minds as to the offer and acceptance. Id. See, also, Noroski v. Fallet
(1982), 2 Ohio St.3d 77, 79.
In the instant case, it is undisputed that Brash Realty was the real estate agent acting on behalf of Motel 6. The property owned by Motel 6 was placed on the market at $1.1 million. During negotiations with Brash Realty, however, appellant orally made a reduced offer of $1.075 million. Appellant asserts that Brash Realty, as Motel 6's agent, orally accepted this offer. However, as a matter of law, there could not have been acceptance on behalf of the seller/principal, Motel 6, by Brash Realty.
The law on the scope and limitations of an Ohio real estate agent's authority to negotiate and enter into a contract is well-settled:
 "* * * [A] real estate agent is without authority to execute a contract of sale which shall be binding on one who places real estate in his hands for sale, unless such authority is specially conferred. * * *
 "The business of a real estate agent is to find prospective purchasers for property whose owners desire to sell, and he had earned his commission, if employed, when he has found a person willing and able to pay the price stipulated, or has brought parties together who afterwards agree. The fact that the owner of real estate employs an agent to find a purchaser for it, does not raise an implication that the agent is authorized to make a written contract with reference to it. * * * If the agent assumes to make a contract in excess of this authority, the agreement is void and unenforceable. Where special power is conferred upon an agent, persons dealing with him are bound to ascertain the extent of his power. * * *
 "It would seem that the justice and salutary force of these rules would be obvious. The owner of land is not bound to perform any contract for its sale, unless it is in writing. A prospective purchaser is presumed to know that such is the law. When he deals with the person who claims to have verbal authority to sign such a contract as the agent of the owner, he does so with the knowledge that the principal will not be bound unless he had specially authorized the agent to make the contract which he assumes to make. The statute of frauds itself is but the expression of a wholesome desire to avoid some results of the infirmities of human nature." (Citations omitted and emphasis added.) Spengler v. Sonnenberg (1913), 88 Ohio St. 192, 199-200. See, also, Ottawa Cty. Commrs. v. Mitchell (1984), 17 Ohio App.3d 208, 214; Hairston v. Goodman (Mar. 21, 1991), Cuyahoga App. No. 58193, unreported, at 6, 1991 WL 39715.
 There is no evidence that authority had been specially conferred on Brash Realty to accept and bind Motel 6 to either an oral or written contract of sale. As a matter of law, the remarks attributed to Brash Realty by appellant are insufficient to bind Motel 6. There was no acceptance, and thus, no underlying oral contract with Motel 6. As a result, the existence of a statute of frauds' exception or defense is a non-issue.
In summation, we hold that Motel 6, as the movant, was entitled to judgment as a matter of law pursuant to Civ.R. 12(C) because no underlying oral contract could have been formed with Motel 6 under the facts alleged in appellant's complaint. Therefore, the defense of statute of frauds and the doctrine of promissory estoppel were inapplicable. Accordingly, appellant's first assignment of error lacks merit.
For their second assignment of error, appellant challenges the trial court's grant of the motion to dismiss in favor of Brash Realty. Because appellant voluntarily dismissed his breach of contract claim against Brash Realty, the trial court was left with appellant's claims for breach of implied covenant of good faith and fair dealing and fraud.[7]
Pursuant to Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our review of a dismissal under Civ.R. 12(B)(6) is de novo. Mitchell v.Speedy Car-X, Inc. (1998), 127 Ohio App.3d 229, 231; State ex relRutledge v. Dept. of Rehab. Corr. (Mar. 3, 2000), Trumbull App. No. 98-T-0191, unreported, at 2, 2000 WL 263760. The following standard is be applied:
 "[I]n order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear `"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' * * * In the recent case of Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, * * *, we elaborated upon this standard, noting that `"[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party."' (Parallel citations omitted.) York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144.
 Thus, this court must accept, as true, appellant's allegations in his complaint, and any decision must be made entirely from the facts alleged therein.
In his complaint, appellant alleged that the underlying oral contract between the parties contained an implied covenant of good faith and fair dealing. However, because no oral contract existed between the parties, no claim for the breach of implied covenant of good faith and fair dealing could exist. Appellant cites no applicable authority to the contrary.
With respect to the fraud claim, appellant alleged in his complaint that Brash Realty informed him that "a formal contract would be sent out to [him] for his signature." According to appellant, Brash Realty further informed him that "the only reason [he] did not have a signed contract in hand was because of Motel 6's `red tape and paperwork.'" Furthermore, appellant claimed that by negotiating with other parties after the alleged oral contract was made, Brash Realty was liable for fraud.
The Supreme Court of Ohio has articulated the following requirements for a claim of fraud: (1) a representation; (2) material to the transaction; (3) falsely made; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation; and (6) a resulting injury proximately caused by the reliance. Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111.
In this matter, appellant was not misled as to whether an enforceable contract was established. Rather, according to appellant, Brash Realty essentially stated that "a formal contract would be sent out to [him]" and "the only reason [he] did not have a signed contract in hand was because of Motel 6's `red tape and paperwork.'" Frankly, this court is at a loss to construe that statement to mean anything other than notice that no enforceable written contract existed. As such, there could not have been any justifiable reliance by appellant, especially when Brash Realty was a real estate agent with limited authority as previously discussed. See Spengler, supra. An assurance by a real estate agent that a deal but no written contract exists is insufficient to support a claim of justifiable reliance, let alone fraud. For these reasons, appellant's second assignment of error is not well-taken.[8]
Based on the foregoing analysis, appellant's two assignments of error are without merit, and the judgment of the trial court is hereby affirmed.
O'NEILL, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] This allegation concerned common law fraud rather than any statutory violation of Ohio real estate law. We note that appellant maintained in his motion in opposition to the motion to dismiss that Brash Realty was bound by R.C. 4735.61, which provides that "no [real estate broker] shall knowingly give false information to any party in a real estate transaction." However, appellant never made this allegation within his complaint, and no amended complaint was filed. Because this statutory claim was not properly raised in the court below, it cannot be raised or addressed in the present appeal. Karlen v. Steele (Sept. 15, 2000), Trumbull App. No. 99-T-0076, unreported, at 5, 2000 WL 1335785.
[2] Attached to appellant's motion in opposition to Motel 6's request for judgment on the pleadings was a letter from Motel 6 indicating that an offer to purchase the property for $1.075 million was made by appellant, and that earnest money of $25,000 was to be deposited by appellant "upon the signing of a formal purchase and sale [a]greement." The letter further stated that "[t]his offer is not binding on either party until a formal purchase and sale agreement is executed." While the letter was signed by appellant as being "agreed and accepted", it was not signed by Motel 6. Nevertheless, the trial court could not consider this letter because when ruling on a Civ.R. 12(C) motion, a trial court may consider only the pleadings and not any evidentiary materials. Petersonv. Teodosio (1973), 34 Ohio St.2d 161, 165-166.
[3] The trial court also found that, absent a fiduciary relationship, there was no duty of good faith when negotiating a real estate contract. Furthermore, the court dismissed the fraud claim explaining that appellant could not have justifiably relied upon any misrepresentation that an oral contract had been entered into when the statute of frauds requires an interest in land to be in writing.
[4] This court has repeatedly held that such motions are not recognized in the Ohio Rules of Civil Procedure, and that a trial court is without jurisdiction to consider a "motion for reconsideration" from a final judgment. Sartini v. Celinski (June 13, 1997), Ashtabula App. No. 96-A-0056, unreported, at 4, 1997 WL 360831.
[5] Because appellant only challenges the trial court's failure to apply the doctrine of promissory estoppel to bar the defense of statute of frauds in the first assignment of error, we will restrict our analysis to that issue.
[6] See footnote two.
[7] Under the second assignment of error, appellant seems only to challenge the trial court's decision to grant Brash Realty's motion to dismiss. Accordingly, we will limit our analysis to that issue.
[8] While this court is affirming the decision of the trial court for different reasons, we note that a reviewing court passes only upon the correctness of the judgment, not the reasons therefor. Joyce v. Gen.Motors Corp. (1990), 49 Ohio St.3d 93, 96. Thus, an appellate court must affirm a trial court's judgment if upon review, any valid grounds are found to support it. Joyce at 96.