OPINION
{¶ 1} In this accelerated appeal submitted on the briefs of the parties, appellant, Jean A. West, challenges the judgment of the Lake County Court of Common Pleas granting appellees', Lane H. and Mary A. Sheets ("Lane and Mary Sheets"), motion to dismiss appellant's complaint for failure to state a claim. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} By way of background, on July 6, 2001, appellant filed a complaint alleging that she was the owner of an easement located on appellees' property. Specifically, appellant claimed that "[t]he *** easement grant[ed] to [appellant] the exclusive right to the use of the lands included in the easement for parking purpose ***." According to appellant, "[a] dispute has arisen between [appellant] and [appellees] concerning the use of the easement, the extent of the easement, and the maintenance of the parking lot that encompasses the easement." Appellant further alleged that "[appellees] have no right to the use of the easement for parking purposes nor do they have any right to interfere with the use of the easement for parking purposes by [appellant]."
 {¶ 3} Accordingly, appellant alleged that she "[had] no adequate remedy at law to enforce its [sic] right to the exclusive use of the easement and to prohibit [appellees] from interfering with their [sic] use of the easement." As a result, appellant sought "[to] enjoin [appellees], both temporarily and permanently, from interfering with the use of the easement by [appellant] for purposes of parking and from using the easement for purposes of parking by themselves or their tenants or invitees." However, there was no companion action filed seeking declaratory judgment.
 {¶ 4} On August 10, 2001, and September 6, 2001, Lane and Mary Sheets filed separate motions to dismiss appellant's complaint for failure to state a claim upon which relief can be granted. The gist of appellees' argument was that appellant's complaint was deficient because it failed to specifically allege that appellees committed any wrongdoing. According to appellees, if appellant sought injunctive relief, then she should have specifically alleged the action appellees had taken to infringe upon the easement.
 {¶ 5} In a judgment entry dated September 17, 2001, the trial court granted Lane Sheets' motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). Despite having Mary Sheets' motion to dismiss pending at the trial court level, appellant filed a notice of appeal on October 16, 2001.
 {¶ 6} In the interim, on November 14, 2001, the trial court issued a judgment entry granting Mary Sheets' motion to dismiss appellant's complaint. Thereafter, appellant filed an amended notice of appeal to include the November 14, 2001 judgment entry. Accordingly, it is from the September 17 and November 14, 2001 judgment entries appellant appeals, advancing a single assignment of error for our consideration:
 {¶ 7} "The trial court erred to the prejudice of the appellant by granting the motion to dismiss for failure to state a claim filed by the defendant-appellees."
 {¶ 8} In her lone assignment of error, appellant contends that her complaint made an allegation that a dispute had arisen concerning the use of the easement, the extent of the easement, and the maintenance of the parking lot that encompasses the easement. According to appellant, the complaint specifically alleged that appellees had no right to interfere with the use of the easement for parking purposes, and that appellant had no adequate remedy at law to prohibit appellees from their use of the easement. Appellant further submits that it is not necessary for a plaintiff to plead all of the facts surrounding the dispute that is alleged in order to survive a motion to dismiss.
 {¶ 9} Pursuant to Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our review of a dismissal under Civ.R. 12(B)(6) is de novo.Mitchell v. Speedy Car X, Inc. (1998), 127 Ohio App.3d 229, 231; Camastrov. Motel 6 Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2000 WL 435361, at 4. As such, the following standard is to be applied:
 {¶ 10} "[I]n order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear `"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' *** In the recent case ofMitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, ***, we elaborated upon this standard, noting that `"[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party."' (Parallel citations omitted.) York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144.See, also, Camastro at 4.
 {¶ 11} In general, a party seeking injunctive relief must establish the following elements: (1) the defendant committed a wrongfulact; (2) the plaintiff has no adequate remedy at law; (3) the harm to the plaintiff, if the injunction is not issued, clearly outweighs the harm which the injunction would do to the defendant and innocent third parties; and (4) the public interest would be served by the granting of injunctive relief. Rite Aid of Ohio, Inc. v. Marc's Variety Store, Inc.
(1994), 93 Ohio App.3d 407, 412.
 {¶ 12} In the instant matter, a review of appellant's complaint reveals that she failed to allege that appellees committed or attempted to commit an act that infringed upon her rights to the easement. Rather, the complaint merely states that "[a] dispute has arisen between [appellant] and [appellees] concerning the use of the easement, the extent of the easement, and the maintenance of the parking lot that encompasses the easement."
 {¶ 13} Simply because appellant claims that a dispute has arisen between the parties concerning the easement does not infer that appellees have, in fact, interfered or attempted to interfere with appellant's rights to the easement.
 {¶ 14} The complaint further alleged that appellant "[had] no adequate remedy at law to enforce its [sic] right to the exclusive use of the easement and to prohibit [appellees] from interfering with their [sic] use of the easement." Again, such a statement is deficient as it fails to specify what action appellees had taken to violate or interfere with the easement.
 {¶ 15} Thus, absent from appellant's complaint is an unequivocal statement of a wrongful act for which injunctive relief may be granted. Rather, appellant essentially seeks a declaratory judgment setting forth the rights and duties of the parties as to the easement. However, appellant has not filed a declaratory judgment action.
 {¶ 16} Based on the foregoing analysis, the trial court properly granted appellees' motion to dismiss appellant's complaint as appellant has failed to allege sufficient operative facts to state a claim upon which injunctive relief may be granted. Accordingly, appellant's lone assignment of error is meritless, and the judgment of the trial court is affirmed.
ROBERT A. NADER, J., concurs.