OPINION
{¶ 1} Appellants, William Andrews and Donna Andrews, appeal from the January 22, 2002 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} On May 15, 2001, appellants filed a complaint against appellee, E. Graham Lampert, M.D., and Lake Hospital System, Inc. ("Lake Hospital"). Appellee filed an answer on June 11, 2001. Lake Hospital filed an answer on June 18, 2001. On July 6, 2001, appellants filed a first amended complaint. On July 13, 2001, Lake Hospital filed an answer. On November 21, 2001, appellants filed a notice of voluntary dismissal against Lake Hospital. On December 5, 2001, appellee filed a motion to dismiss. Appellants replied to the motion to dismiss on December 17, 2001. On December 21, 2001, appellee filed a memorandum in support of motion to dismiss. Appellants replied to the memorandum on January 4, 2002, which was stricken.
 {¶ 3} The facts that are alleged in the complaint are as follows: On January 26, 1999, appellant William Andrews went to the office of appellee, seeking his professional medical assistance with regard to blood appearing in his stool. At that time, appellee diagnosed the problem as an anal fistula from a burst boil. Appellee suggested that the anal fistula be repaired via a surgical procedure. Appellant William Andrews consented to the procedure.
 {¶ 4} On February 9, 1999, appellee performed an excision of appellant William Andrews' anal fistula at Lake Hospital. On February 18, 1999, appellant William Andrews saw appellee for a surgical follow-up visit. At that time, appellant William Andrews informed appellee that he had significant bloody discharge from the area of the surgical procedure. Appellee informed appellant William Andrews that he would have leakage for three to four weeks until the area was healed.
 {¶ 5} On March 9, 1999, appellant William Andrews saw appellee for a second surgical follow-up visit. At that time, appellant William Andrews continued to suffer from significant bloody discharge from his anus. Upon receiving this information, appellee performed an in-office surgical procedure upon appellant William Andrews.[1]
 {¶ 6} In April 2000, appellant William Andrews contacted James Church, M.D. ("Dr. Church") at the Cleveland Clinic Colorectal Surgery Department, seeking his professional medical assistance regarding the significant bloody discharge and pain and suffering he continued to experience. On June 13, 2000, appellant William Andrews saw Dr. Church, who suggested a surgical procedure, and appellant William Andrews consented to the procedure. On August 2, 2000, appellant William Andrews underwent a colonoscopy to rule out inflammatory bowel disease, and the test was normal. At that time, and upon further examination, Dr. Church diagnosed that appellant William Andrews had incurred external sphincter damage as a result of the anal fistulotomy performed upon him by appellee on February 9, 1999.
 {¶ 7} The trial court granted appellee's motion to dismiss on January 22, 2002, on the basis that the complaint was filed outside of the statute of limitations. It is from that entry that appellants filed a timely notice of appeal on February 4, 2002, and make the following assignments of error:
 {¶ 8} "[1.] The trial court erred to the prejudice of [appellants] in granting [appellee's] motion to dismiss the complaint since the complaint was filed within the one-year statute of limitations set out in [R.C.] 2305.11.
 {¶ 9} "[2.] The trial court erred to the prejudice of [appellants] in striking their brief in opposition to [appellee's] memorandum in support of [the] motion to dismiss as the local rules of the Lake County Court of Common Pleas do not specifically disallow this."
 {¶ 10} In their first assignment of error, appellants argue that the trial court erred in granting appellee's motion to dismiss on the basis that their claim was barred by the statute of limitations.
 {¶ 11} A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted, according to Civ.R. 12(B)(6). An appellate court's review of a dismissal under Civ.R. 12(B)(6) is de novo. West v. Sheets, 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶ 9, citing Mitchell v. Speedy Car X, Inc.
(1998), 127 Ohio App.3d 229, 231. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), "`***it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" Taylor v. London (2000), 88 Ohio St.3d 137, 139, quotingO'Brien v. Univ. Comm. Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. "`A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory.'" Firstmerit Corp. v. Convenient Food Mart, Inc. (Mar. 7, 2003), 11th Dist. No. 2001-L-226, 2003-Ohio-1094, at ¶ 7, quotingFahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667. Thus, "[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
 {¶ 12} The affirmative defense of statute of limitations is generally not properly raised in a Civ.R. 12(B)(6) motion, as it usually requires reference to materials outside the complaint. Steiner v.Steiner (1993), 85 Ohio App.3d 513, 518. Only when it is apparent from the face of the complaint, may such an affirmative defense be raised in a Civ.R. 12(B)(6) motion. Helman v. EPL Prolong, Inc. (2000),139 Ohio App.3d 231, 241. The complaint must show the relevant statute of limitations and the absence of factors which would toll the statute or make it inapplicable. Id.
 {¶ 13} In the case at bar, appellants allege in their complaint that appellee was negligent and breached his standard of care. Negligence, which is codified in R.C. 2305.11(B)(1), provides that "***an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued***."
 {¶ 14} Based on appellants' complaint, appellee informed appellant William Andrews on February 18, 1999, that he would have leakage for three to four weeks until the area was healed. Approximately three weeks later, on March 9, 1999, appellant William Andrews saw appellee for a second follow-up visit. At that time, appellant William Andrews continued to suffer from significant bloody discharge from his anus. Upon receiving this information, appellee performed an in-office surgical procedure upon appellant William Andrews and assured him that everything looked good. However, because appellant William Andrews continued to suffer from bloody discharge and pain and suffering, he contacted Dr. Church for a second opinion in April 2000. Unable to obtain an appointment until June 13, 2000, appellant William Andrews saw Dr. Church, who diagnosed an infection and rendered an opinion that he was suffering from external sphincter damage as a result of the February 9, 1999 surgical procedure performed by appellee, which was confirmed by appellant William Andrews' colonoscopy on August 2, 2000.
 {¶ 15} According to appellants' complaint, appellant William Andrews relied on appellee's assurances and reasonably believed that he was healing properly. Appellant William Andrews had no knowledge that the discharge he suffered from was a result of the February 9, 1999 surgical procedure performed by appellee until, at the earliest, June 13, 2000, when Dr. Church opined that he was suffering from external sphincter damage, or at the latest, on August 2, 2000, when Dr. Church diagnosed that appellant William Andrews had incurred external sphincter damage as a result of the anal fistulotomy performed upon him on February 9, 1999 by appellee. As such, appellants' cause of action accrued and appellants' complaint, filed on May 15, 2001, met the one-year statute of limitations requirement pursuant to R.C. 2305.11.
 {¶ 16} In the instant matter, the trial court got into a factual analysis by applying the "extent and seriousness" test set forth inHershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, paragraph one of the syllabus. The trial court held that appellant William Andrews knew or should have become aware of the extent and seriousness of his condition in December 1999, when he began to bleed after having experienced anal discharge from March 1999. The trial court reasoned that the bleeding in December 1999, would have put a reasonable person on notice to make an inquiry as to the cause of such condition. Therefore, it is evident that the trial court erred by looking at matters beyond the complaint in ruling on this Civ.R. 12(B)(6) motion without converting it into a Civ.R. 56 motion for summary judgment. See Dewey v. Brown (Dec. 23, 1994), 11th Dist. No. 93-A-1852, 1994 Ohio App. LEXIS 5797. Thus, appellants' first assignment of error is with merit.
 {¶ 17} In their second assignment of error, appellants argue that the trial court erred in striking their brief in opposition to appellee's memorandum in support of a motion to dismiss as the local rules of the Lake County Court of Common Pleas do not specifically disallow this. However, based on this court's analysis regarding the first assignment of error, appellants' second assignment of error is hereby rendered moot.
 {¶ 18} For the foregoing reasons, appellants' first assignment of error is well-taken, and appellants' second assignment of error is moot. The judgment of the Lake County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL and ROBERT R.NADER, JJ., concur.
ROBERT R. NADER, J., retired, of the ELEVENTH APPELLATE DISTRICT, sitting by assignment.
[1] Although neither the complaint nor the amended complaint mentions a third surgical follow-up visit with appellee, appellee's memorandum in support of the motion to dismiss mentions a follow-up visit with appellee on March 30, 1999.