**George Hoey MORRIS, Plaintiff,**

v.

**Deputy Greg JACKSON,
et al., Defendants.**

No. 2:04–CV–471–F.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 10, 2005.

George Hoey Morris, Eclectic, AL, Pro se.

R. Scott Golden, Wetumpka, AL, for Plaintiff.

Gary L. Willford, Jr., Webb & Eley, P.C., Montgomery, AL, Julie Sorrells Moody, Albrittons Clifton Alverson Moody & Bowden, PC, Andalusia, AL, for Defendants.

## ORDER

FULLER, Chief Judge.

George Hoey Morris ("Morris") filed this suit on May 14, 2004, against District Attorney Eugenia Loggins ("Loggins"), Sheriff Anthony Clark ("Clark") and Deputy Greg Jackson ("Jackson") for claims arising out of the confiscation of Morris's books and CDs in connection with the arrest of Adam Sage. On October 15, 2004, the United States Magistrate Judge entered a recommendation that Clark and Jackson's Motion to Dismiss (Doc. # 6) should be GRANTED[1], Clark and Jackson's Motion to Dismiss Amended Complaint (Doc. # 22) should be GRANTED, and Loggins's Motion to Dismiss (Doc. # 8) should be GRANTED. The case is now before the Court on the Magistrate Judge's Recommendation (Doc. # 36) and Morris's Objection to the Report and Recommendation (Doc. # 37), filed October 28, 2004. Upon an independent review of this case, the Court finds that the plaintiff's objections are due to be SUSTAINED to the extent that they object to the application of absolute immunity to Loggins's decision to retain Morris's property after the grand jury failed to indict and OVERRULED in their remainder; the Magistrate Judge's recommendation is due to be ADOPTED in part and MODIFIED in part as set forth below.

■■■ The Magistrate Judge correctly found that Loggins's retention of Morris's property after it was seized in conjunction with an arrest and her continued retention of the property in preparation for the Grand Jury trial are protected by absolute

[1]. On the first page of the recommendation, it states that "Clark's and Jackson's motion to dismiss Morris' initial complaint (Doc. # 6) should be denied as moot," which is inconsistent with the statement on page sixteen of the recommendation that "Clark and Jackson's motion to dismiss (Doc. # 6) Morris's original complaint should be GRANTED." The Court will correct this inconsistency by determining that the motion should be denied as moot instead of granted and includes the latter here only to avoid inconsistency with the way the Magistrate's recommendation was electronically docketed.

prosecutorial immunity. Prosecutors have absolute immunity in § 1983 actions for functions "intimately associated with the judicial phase of the criminal process." *Jones v. Cannon,* 174 F.3d 1271, 1281–83 (11th Cir.1999) (citations omitted). This provides absolute immunity for the initiation and pursuit of criminal prosecution, including decisions to prosecute and appearances before the court. *Id.* A prosecutor also enjoys absolute immunity regarding his or her function as advocate for the State, which includes "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial." *Id.,* citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Mastroianni v. Bowers,* 173 F.3d 1363 (11th Cir.1999).

Loggins's retention of the evidence prior to and during the Grand Jury trial falls within her prosecutorial duties and was undertaken as an advocate for the State. *See Buckley,* 509 U.S. at 273, 113 S.Ct. 2606 (specifically finding "the professional evaluation of the evidence assembled by the police" to be within the scope of absolute prosecutorial immunity). Because the evaluation of evidence and its presentation before a Grand Jury are both protected by absolute immunity, it is inevitable that the retention of such evidence between the time of evaluation and presentation is likewise protected. *See Parkinson v. Cozzolino,* 238 F.3d 145 (2nd Cir.2001).

■■ Loggins has not shown, however, that absolute immunity is justified for the retention of plaintiff's property following the Grand Jury's failure to return an indictment. To determine whether an individual is entitled to absolute immunity in relation to a specific activity, the court should use a "functional approach," examining "the nature of the function performed, not the identity of the actor who performed it." *Rivera v. Leal,* 359 F.3d 1350, 1353–54 (11th Cir.2004), citing *Buck-*

*ley,* 509 U.S. at 269, 113 S.Ct. 2606. Additionally, "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).

Loggins cites several cases for the proposition that all retention of evidence is protected by absolute immunity. *See Parkinson,* 238 F.3d 145, *Neville v. Classic Gardens,* 141 F.Supp.2d 1377 (S.D.Ga. 2001). However, these cases hold only that retention of evidence during the time a direct appeal is pending is protected. It does not necessarily follow that just because a prosecutor is acting as an advocate when preserving evidence for appeal that prosecutor is acting as an advocate when retaining evidence under any circumstances. The Supreme Court noted that though there are other checks on abuse of prosecutorial authority besides the allowance of lawsuits, "one of the most important checks, the judicial process, will not necessarily restrain out-of-court activities by a prosecutor that occur prior to the initiation of a prosecution. . . . This is particularly true if a suspect is not eventually prosecuted" and "the prosecutor's action is not subjected to the 'crucible of the judicial process.'" *Burns,* 500 U.S. at 495–496, 111 S.Ct. 1934 (holding that a prosecutor is not entitled to absolute immunity regarding legal advice given to police) (citations omitted).

■ In this case, although Loggins theoretically could have used the materials she retained for a second indictment attempt, there is no evidence that this was her intent. Instead, unlike the cases where evidence was maintained for use on appeal, there is no indication here that Loggins's continued retention of Morris's materials was connected with the judicial process. Additionally, because no prosecu-

tion was initiated, this case gives rise to the concern that Loggins is not subject to the check of the judicial system. Therefore, this Court finds that absolute immunity does not extend to Loggins's continued retention of Morris's property after the Grand Jury's failure to indict.

 However, qualified immunity does extend to this decision. Without factual allegations as to Loggins's necessity of preserving the evidence for future use, Loggins's retention of plaintiff's property can most logically be deemed an administrative function. When functions performed by a prosecutor "cast him in the role of an administrator or investigative officer rather than that of advocate," the prosecutor has the benefit only of qualified good-faith immunity rather than the absolute immunity that applies to judicial and advocate functions. *Fullman v. Graddick,* 739 F.2d 553, 558–60 (11th Cir.1984), quoting *Buckley,* 509 U.S. at 275, 113 S.Ct. 2606. Qualified immunity protects § 1983 defendants from liability for injury arising from discretionary acts as long as the acts do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Jones,* 174 F.3d at 1281–83, citing *Lassiter v. Alabama A & M Univ.,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc). To be clearly established, the contours of the asserted constitutional right "must be sufficiently clear that a reasonable official would understand that what he is doing

violates that right." *Id.,* citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523, (1987) ("[I]n the light of pre-existing law, the unlawfulness must be apparent."). The Court cannot identify any cases sufficient to place Loggins on notice that her decision to retain Morris's property after the Grand Jury's decision not to indict would violate Morris's clearly established rights. Therefore, this decision is protected by qualified immunity even though it is not protected by absolute immunity, and the recommendation of the Magistrate Judge is due to be MODIFIED accordingly.

Additionally, the Magistrate Judge's recommendation is due to be MODIFIED to the extent that the recommendation states that Clark and Jackson's Motion to Dismiss (Doc. # 6) is due to be granted instead of stating that the motion is due to be denied as moot. In all remaining respects, the Court is persuaded by the reasoning of the Magistrate Judge in the Recommendation, and finds that the remainder of the recommendation it is due to be adopted. The Court finds that the remainder of plaintiff's objections are without merit and due to be overruled.[2]

Consistent with the above opinion, it is hereby the ORDER, JUDGMENT, and DECREE of the Court that

(1) The plaintiff's objections are SUSTAINED to the extent that they object to the application of absolute im-

---

2. To the extent that plaintiff's complaint alleged a state law claim for defamation, which was not addressed by the Court, the Court declines to exercise supplemental jurisdiction over this claim. Ordinarily, the court may exercise jurisdiction over all state law claims which "arise out of a common nucleus of operative fact" as a substantial federal claim. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724–25, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1563–64 (11th Cir.1994). However, the district court "may

decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367; *Palmer,* 22 F.3d at 1568. Because defendants are entitled to judgment as a matter of law regarding the "claims over which the district court has original jurisdiction," namely the constitutional claims, the court may exercise its discretion to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

munity to Loggins's decision to retain the property after the Grand Jury failed to indict and OVERRULED in their remainder;

(2) The Recommendation (Doc. # 36) of the Magistrate Judge entered on October 15, 2004, is MODIFIED to substitute "DENIED AS MOOT" for "GRANTED" in the sentence on page 16 that formerly read, "Clark and Jackson's motion to dismiss (doc. # 6) Morris's original complaint should be GRANTED" and to indicate that while District Attorney Loggins is not protected by absolute immunity for her retention of Morris's property after the Grand Jury failed to indict, she is protected by qualified immunity as stated above. In all other respects, the Recommendation of the Magistrate Judge is accepted and ADOPTED as the opinion of this Court;

(3) To the extent that the plaintiff's objections could be construed to include a motion for leave to amend his Complaint to add the State of Alabama as a party defendant and to allege claims for equitable relief, that Motion is DENIED [3];

(4) Clark and Jackson's Motion to Dismiss (Doc. # 6) is DENIED AS MOOT;

(5) Loggins's Motion to Dismiss (Doc. # 8) is GRANTED;

(6) Clark and Jackson's Motion to Dismiss (Doc. # 22) is GRANTED;

(7) all claims against Clark, Jackson and Loggins are DISMISSED WITH PREJUDICE; and

(8) Clark and Jackson's Motion to Seal Record and Disallow Electronic Filing (Doc. 20) is DENIED AS MOOT.

---

3. *See, e.g., Galindo v. ARI Mut. Ins. Co.,* 203 F.3d 771, 777 n. 10 (11th Cir.2000) (leave to amend may be denied where the proposed

The Court will enter a separate final judgment consistent with this Order.

claim fails to state a claim and therefore would be futile).