[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2006
THOMAS K. KAHN
CLERK**

No. 05-10678
Non-Argument Calendar

D. C. Docket No. 04-00471-CV-F-N

GEORGE HOEY MORRIS,

Plaintiff-Appellant,

versus

GREG JACKSON, Deputy,
ANTHONY CLARK, Sheriff, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

**(January 25, 2006)**

Before TJOFLAT, ANDERSON and COX, Circuit Judges.

PER CURIAM:

George H. Morris is the author of a book entitled *VirginBride.net* and a compact disc entitled *Young Models*. Eugenia Loggins is the former District Attorney

of Covington County, Alabama. One thousand copies of Morris's book and 800 copies of his CD were confiscated by law enforcement while they were transported through Covington County. The grand jury was presented with the books and CDs but declined to indict the third-party driver of the vehicle in which the books and CDs were transported. After the grand jury returned the No True Bill, District Attorney Loggins retained the books and CDs. Morris has not been arrested or charged with any crime related to the books and CDs.

Morris brought suit pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that, by retaining his property, the Sheriff, Deputy and District Attorney violated his First, Fourth and Fourteenth Amendment rights. The district court dismissed Morris's claims against all Defendants with prejudice. *Morris v. Jackson*, 353 F. Supp. 2d 1199 (M.D. Ala. 2005)

Morris appeals the district court's order in part, arguing that Defendant Loggins is not entitled to qualified immunity for her actions after the grand jury returned the No True Bill.[1] We find Morris's argument meritless. The district court

---

[1]The district court also dismissed Morris's claims against Sheriff Anthony Clark and Deputy Adam Jackson. However, Morris's appellate brief presents no argument that the district court erred by dismissing the complaint as to Clark or Sage. Therefore, we do not consider the dismissal as to Clark or Sage in this appeal.

Furthermore, the district court found that Defendant Loggins was protected by absolute immunity for retention of Morris's property prior to presenting that property to the grand jury. Morris's appellate brief makes no argument regarding this finding. Therefore, Morris waives any argument that the dismissal was improper based on this application of absolute immunity and limits

correctly applied the rule that qualified immunity protects public officers acting in their official capacities from liability for injury arising from discretionary acts so long as the acts do not violate "*clearly established* statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982) (emphasis added).  In his district court filings, Morris cited no authority to support his alleged right to have his property returned; he made only conclusory allegations that Loggins's retention of his books and CDs violated his First, Fourth and Fourteenth Amendment rights.  And, on appeal, he presents no authority to controvert the district court's finding that it "[could] not identify any cases sufficient to place Loggins on notice that her decision to retain Morris's property after the Grand Jury's decision not to indict would violate Morris's clearly established rights." *Morris*, 353 F. Supp. 2d at 1202.  Therefore, Morris's decision to retain the books and CDs is protected by qualified immunity and cannot serve as the basis for Morris's lawsuit.

AFFIRMED.

---

himself to one argument: that Loggins is not entitled to qualified immunity for her retention of his property after the grand jury considered it.