**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert J. HEADLEY, Defendant–Appellant.**

No. 02–3180.

United States Court of Appeals, Sixth Circuit.

Nov. 4, 2002.

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

*ORDER*

Robert J. Headley appeals a district court's denial of his Fed.R.Crim.P. 41(e)

motion for return of property. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Headley was convicted of four counts of tax evasion and one count of student loan fraud. The government filed a motion for an order authorizing it to destroy the firearms and ammunition which had been seized, pursuant to a lawful search warrant, during a June 10, 1997 search of Headley's residence. Headley opposed the government's motion presumably under Fed.R.Crim.P. 41(e). To the extent that the government sought the destruction of one of the firearms at issue (a Smith & Wesson Model "Shorty 40" .40 caliber pistol that had been returned to Donald R. Schmidt pursuant to a July 24, 2001 order), the district court denied the government's motion. The remainder of the government's motion to destroy the other fourteen firearms, as well as all the rounds of ammunition, was granted. Headley's Fed.R.Crim.P. 41(e) motion was denied. Reconsideration was denied in a marginal entry order. This appeal followed.

The district court's order is reviewed under the abuse of discretion standard. *See generally United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (request to return seized property under Fed. R.Crim.P. 41(e)). Abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.*

Upon review, we conclude that the district court properly concluded that Headley was not entitled to the return of the firearms and ammunition at issue in this appeal. "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.1982) (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir.1977)). However, the person seeking return of property must show that they are lawfully entitled to possess it. *See* Fed.R.Crim.P. 41(e); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991).

As a convicted felon, Headley is prevented from possessing the guns and ammunition. *See United States v. Felici*, 208 F.3d 667, 670 (8th Cir.2000) (rejecting defendant's attempt, under Rule 41(e), for return of firearms because of his status as a convicted felon), *cert. denied*, 531 U.S. 1201, 121 S.Ct. 1209, 149 L.Ed.2d 123 (2001). This prohibition is against both actual *and* constructive possession, including a prohibition against allowing the firearms to be held in trust for a convicted felon by a third-party. *Id.* Because Headley lacks the power to lawfully possess the firearms himself, he also cannot delegate the authority to possess these firearms to another individual. *See United States v. Craig*, 896 F.Supp. 85, 89 (N.D.N.Y.1995). Thus, Headley could not seek return of the firearms and ammunition nor could he request that they be transferred to a third-party for him. Additionally, to the extent that Headley sought the return of the firearms and ammunition on behalf of his father, he lacks standing to raise his motion under Rule 41(e). Further, even if Headley has standing to raise a claim on behalf of his father, his bald assertion on his Rule 41(e) motion that the firearms belong to his father, without an attached affidavit from his father or other evidence in the record, is not sufficient to authorize

the release of the firearms and ammunition to a man who previously testified to being physically incapable of handling firearms. Because no one has either claimed ownership or presented sufficient evidence of ownership of the firearms, who is lawfully entitled to their possession, the government's motion was properly granted.

Finally, Headley did not raise the issue of the forfeiture time limits of 18 U.S.C. § 924(d)(1) until he moved for reconsideration. The issue was raised too late to be preserved for appeal. *See American Meat Inst. v. Pridgeon,* 724 F.2d 45, 47 (6th Cir.1984).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.