**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ANDRE CRUMPTON,

Defendant - Appellant.

No. 02-1339
(D.C. No. 01-D-1995
and 96-CR-419-D)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **LUCERO** , and **HARTZ** , Circuit Judges.

On June 23, 2000, Movant Michael Crumpton, a federal prisoner, pleaded

guilty to a charge of conspiring to distribute cocaine. The next year he challenged

the validity of his guilty plea in a *pro se* motion under 28 U.S.C. § 2255. The

district court denied the motion in an order entered June 10, 2002. Movant now

seeks a certificate of appealability (COA) from this court, so that he may appeal

the district court's decision. He has also filed a motion to convert his § 2255

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion into a direct appeal. We deny the request for a COA and Movant's motion to convert.

The Government began its prosecution of Movant in November 1996, when it charged him with several drug-trafficking offenses. Three different court-appointed lawyers represented Movant at various points over the next four years. In 2000, Movant entered into an agreement with the Government, under which he pleaded guilty to one conspiracy count. The Government, in turn, agreed to move to reduce Movant's sentence on the basis of substantial assistance, under USSG § 5K1.1. The parties stipulated to a sentence of 180 months. The district court granted the § 5K1.1 reduction and sentenced Movant to 180 months in prison.

In attacking his guilty plea, Movant makes the following allegations: (1) that the trial court overlooked defense counsel's lack of preparation, and that Movant's guilty plea was thus involuntary because he was constructively denied counsel; (2) that he received ineffective assistance of counsel because his attorney did not pursue an argument that the Government had breached its cooperation agreement with him; (3) that he received ineffective assistance of counsel because his attorney failed to explain the potential significance of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to his case; (4) that he received ineffective assistance of counsel because his attorney improperly assessed whether Movant's right to a speedy trial had been violated and failed to preserve this argument; (5) that he

received ineffective assistance of counsel because his attorney failed to prepare adequately for a hearing concerning whether the Government had breached its plea agreement with Movant; (6) that the district court violated Federal Rule of Criminal Procedure 11 by involving itself in plea negotiations; (7) that the district court failed to explain to Movant the elements of the offense of conspiracy; (8) that the district court failed to determine whether there was a factual basis for Movant's guilty plea; and (9) that the excessive duration of his pretrial detention rendered his guilty plea involuntary and interfered with his right to a speedy trial.

Under 28 U.S.C. § 2253(c)(2), one seeking a COA must make "a substantial showing of the denial of a constitutional right." Here, the district court reached the merits of Movant's claims in denying his § 2255 motion. Under these circumstances, "[t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We recognize that in determining whether the district court's "resolution was debatable amongst jurists of reason," we should not undertake a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, ___ S. Ct. ___, 2003 WL 431659 at *10 (2003). Rather, "[t]he COA determination under § 2253(c) requires an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id*. (emphasis added). This we now proceed to do.

Our review of the district court's decision in this case leads us to conclude that the court's evaluation of Movant's motion was neither debatable nor wrong.

In its discussion of Movant's § 2255 motion, the district court observed that Movant's allegations could be grouped into three main claims—a claim "that his plea was involuntary because he was under duress and frustrated with his inability to assert his rights," a claim "that there was no factual basis for his guilty plea," and "the ineffective assistance of counsel claim, [which] includes a number of subparts." District Court Order at 3. The court began its analysis by addressing whether there was a factual basis for the plea. It noted that the record contradicted Movant's assertion that his plea to the conspiracy charge was not factually supported. The plea agreement set forth detailed facts showing that Movant's conduct met the elements of conspiracy. At the plea hearing Movant stated that he believed that he was guilty of the conspiracy charge, and the Government described the factual basis for the conspiracy charge. The district court therefore rejected Movant's claim that there was insufficient factual support for the guilty plea.

Next, the district court considered Movant's claim that his plea was involuntary, in light of his frustration with his inability to assert his rights. According to the court, this claim amounted to a variation on Movant's ineffective-assistance-of-counsel claims. Movant alleges that he felt pressure to

plead guilty because he was not being adequately represented by his lawyers. The district court noted that in considering such a claim, "the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective." *Worthen v. Meachum*, 842 F.2d 1179, 1184 (10th Cir. 1988) (overruled on other grounds by *Coleman v. Thompson*, 501 U.S. 722 (1991)).

The district court thus turned to its consideration of Movant's ineffective-assistance-of-counsel arguments. The court began its analysis by citing the standard provided in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland* a movant "must show that counsel's performance was deficient," in that the performance "fell below an objective standard of reasonableness," and the movant "must show that the deficient performance prejudiced the defense." *Id.* at 687-688. When a guilty plea is being challenged, the establishment of prejudice requires "show[ing] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In this case the district court determined that Movant failed to demonstrate that he had received ineffective assistance of counsel. The court pointed out that Movant's attorneys "filed at least sixty pretrial motions during the course of this criminal prosecution," including "motions arguing that his speedy trial rights had

been violated and seeking to enforce the terms of a plea offer that included a shorter sentence." Order at 5. The court also found that Movant's "allegation that his third attorney failed to advise him of the *Apprendi* decision does not demonstrate ineffective assistance because *Apprendi* is not applicable." Order at 6. The Supreme Court's holding in *Apprendi* extends only to factual determinations that would increase a criminal sentence beyond the statutory maximum. 530 U.S. at 490. Here, the district court noted, Movant "was sentenced to a term of imprisonment that is less than the lowest possible statutory maximum for his drug conspiracy." Order at 6. As for Movant's contention that his third attorney had been unprepared to proceed to trial, the district court found that this allegation was "vague and conclusory and lack[ed] any evidentiary support." Order at 5. Likewise, the district court stated that any additional ineffective-assistance-of-counsel arguments that the Movant was asserting were "vague and conclusory and lack[ed] evidentiary support." Order at 6.

Having reviewed Movant's § 2255 claims, we find persuasive the district court's reasoning in rejecting those claims. We note, however, one particular ground on which he has argued that his plea was involuntary. Movant contends that the trial court improperly involved itself in the negotiations leading to the plea agreement in this case, in violation of Federal Rule of Criminal Procedure 11(e)(1). Movant apparently argues that he felt pressure to enter the plea

-6-

agreement because the trial court was treating as a foregone conclusion the idea that Movant would plead guilty.

Rule 11(e)(1) makes clear that "[t]he court shall not participate in any discussions between the parties concerning any . . . plea agreement." We recognize the important justifications for this rule. In this case, however, Movant has not established that the trial court took part in any conduct that violated Rule 11(e)(1). Movant has identified the following comments as reflecting the trial court's improper participation in plea negotiations. During a status hearing, the court stated:

> Now, as you are aware, we had a lengthy hearing for two days in November on the wiretap issues which involve these defendants and defendants in some other cases, and the Court took that under advisement; but basically, I stopped reading the materials because you told me that in fact you were close to reaching an out of court disposition or settlement.

> In the meantime, [the attorney for one of Movant's co-defendants has] filed a variety of new motions, and I'm concerned about where this case stands. So I want to know what's going to happen. Are you going to settle the case or do we need to hear it out and plead a hearing on the motions and get it set for trial?

District Court Record, Govt. App., Doc. No. 979 at 227. We do not believe that these comments can be read as an improper effort to encourage Movant to accept a plea bargain instead of proceeding to trial. Although the court inquired into whether the parties were likely to reach an agreement, it accepted the possibility that the case would go to trial.

-7-

We conclude that Movant has failed to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2). Accordingly, we **DENY** Movant's request for a COA. Movant's motion for leave to proceed without prepayment of costs and fees is denied.

As we noted above, Movant has filed with this court a motion to convert his § 2255 motion into a direct appeal. The appeal before us at this time concerns the district court's ruling on Movant's § 2255 motion. It appears that no appeal from the Movant's original sentence was docketed with this court. Regardless of the merits of Movant's grounds for arguing that he should now be granted leave to pursue a direct appeal, he did not raise that issue before the district court. He must initiate in district court any proceedings directed toward securing a new opportunity to appeal his original sentence. *See Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal."). Thus, Movant's motion to convert his § 2255 application into a direct appeal is **DENIED**.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge


-8-