**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert J. HEADLEY, Defendant,**

**Richard D. Headley, Sr., Third Party Defendant–Appellant.**

No. 03–3601.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

Thomas J. Gruscinski, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Richard D. Headley, Sr., Akron, OH, pro se.

Before SUHRHEINRICH and CLAY, Circuit Judges; and NIXON, District Judge.*

## ORDER

Richard D. Headley, Sr., a third party defendant proceeding pro se, appeals the district court's March 12, 2003 marginal entry denying his motion for an order to stay the destruction of several firearms and for a return of his property pursuant to Fed.R.Crim.P. 41(e) (now 41(g)). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Richard D. Headley, Sr. is the father of Robert Headley. Robert Headley was convicted of four counts of filing false tax returns and one count of student loan fraud. During the execution of a search warrant at Robert Headley's home, federal agents seized 15 firearms and hundreds of rounds of live ammunition. The firearms and ammunition were found in a safe in the master bedroom of his home in Akron, Ohio. Robert Headley informed the federal agents at that time that his father, who did not reside there, had the key to the safe.

After the district court entered its judgment against Robert Headley, the government moved for an order to destroy the firearms and ammunition. One of the firearms was determined to belong to a third party named Donal R. Schmidt, Jr., and such firearm was returned to him. The district court then granted the government's motion to destroy the remaining firearms and ammunition, and Robert Headley appealed, claiming that the property should be returned to his father, whom he alleged was the rightful owner. We affirmed, stating that, without an affidavit from Robert Headley's father or some other evidence in the record, the firearms would not be released to his father, particularly since the man had previously testified to being physically incapable of handling firearms.

The present action arose when the third party defendant in this case, Richard D. Headley, Sr. moved for an order staying the destruction of the firearms in the district court. The district court denied his motion. He now appeals, claiming that pursuant to 18 U.S.C. § 924(d)(1), the district court lacked jurisdiction to order the forfeiture and destruction of the property, that the government's actions comprise an unconstitutional taking, and that pursuant to Federal Rule of Criminal Procedure 41, the property should be returned to him as the rightful owner.

The standard of review for this appeal is abuse of discretion. *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (citing *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Unit-*

---

* The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

*ed States v. Kingsley,* 241 F.3d 828, 835 n. 12 (6th Cir.2001). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *See Hamad v. Woodcrest Condo. Ass'n,* 328 F.3d 224, 237 (6th Cir. 2003).

"The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States,* 690 F.2d 569, 577 (6th Cir.1982) (quoting *United States v. Francis,* 646 F.2d 251, 262 (6th Cir.1981)). Richard Headley, Sr. contends he is the rightful owner of the property in this case.

Richard Headley, Sr. brings his claim that the district court lacked jurisdiction to order the forfeiture and destruction for the first time on appeal. Since this issue was not raised in the district court, we will not consider it on appeal. *See Roberts v. Berry,* 541 F.2d 607, 610 (6th Cir.1976); *Bannert v. Am. Can Co.,* 525 F.2d 104, 111 (6th Cir.1975).

Headley, Sr. also asserts for the first time on appeal that the government's action of refusing to return the property to him is an unconstitutional taking. "[T]his court may, in its discretion, decline to entertain constitutional claims that were not first raised in the district court." *United States v. Hayes,* 218 F.3d 615, 620 (6th Cir.2000). In the present case, we choose not to consider on appeal Richard Headley, Sr.'s claim of an unconstitutional taking.

Finally, Richard Headley, Sr. claims he is entitled to a return of the property pursuant to Fed.R.Crim.P. 41(e) (now 41(g)). Fed.R.Crim.P. 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." However, as this court held in Robert Headley's appeal un-

der Fed.R.Crim.P. 41(e), "without an attached affidavit from [Richard Headley, Sr.] or other evidence in the record," bald assertions that the property belongs to Richard Headley, Sr. are "not sufficient to authorize the release of the firearms and ammunition to a man who previously testified to being physically incapable of handling firearms." *United States v. Headley,* 50 Fed.Appx. 266, 267 (6th Cir.2002).

Since Richard Headley, Sr. still has not submitted an affidavit or other evidence to prove that he is entitled to the property, he has failed to establish his claim. Therefore, the district court did not abuse its discretion when it denied his motion for an order to stay the destruction of the firearms and ammunition and for a return of the property.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.