**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ANDRE CRUMPTON,

    Plaintiff-Appellant

v.

STEPHANI PODOLAK,

    Defendant-Appellee.

No. 05-1334

(D.C. No. 05-cv-00653-ZLW)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Michael Andre Crumpton filed this action pursuant to Bivens v. Six Unknown

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Stephani Podolak, the assistant United States Attorney who prosecuted him in a prior criminal proceeding, has continued to retain his seized personal property without due process of law.[1] The district court dismissed Crumpton's complaint, *sua sponte*, determining that Crumpton's damage claims were legally frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).[2] Specifically, the district court concluded that Podolak was entitled to absolute immunity because Crumpton's allegations concerned actions that were intimately associated with Podolak's prosecutorial duties. The district court also denied Crumpton's motion to reconsider that decision pursuant to Fed. R. Civ. P. 59(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, reverse the district court's decision, and remand for further proceedings.

---

[1] We note that Crumpton has filed three other cases in the United States District Court for the District of Colorado alleging the deprivation of his personal property without due process of law. First, on February 14, 2005, Crumpton filed suit against the United States, the United States Attorney's Office, the United States Department of Justice, and the Federal Bureau of Investigation. Case No. 1:05-cv-00365-MSK-PAC. On December 5, 2005, the district court dismissed the case without prejudice after Crumpton moved to dismiss the action pursuant to Fed. R. Civ. P. 41(a)(1)(i). Second, on November 18, 2005, Crumpton filed a § 1983 action against police officer Mark Finnin, the City of Aurora, Colorado, and Arapahoe County, Colorado. Case No. 1:05-cv-02343-BNB. That case is still pending before the district court. Lastly, on December 16, 2005, Crumpton filed a Bivens action against several FBI agents. Case No. 1:05-cv-02555-BNB. That case is also pending before the district court.

[2] The United States Attorney's Office did not enter an appearance in the district court because the district court dismissed Crumpton's complaint shortly after it was filed. Further, the United States Attorney's Office did not enter an appearance or file a brief in this appeal.

I.

On November 21, 1996, in the United States District Court for the District of Colorado, Michael Crumpton was charged with several drug-trafficking offenses. On June 23, 2000, Crumpton pleaded guilty to one count of conspiring to distribute cocaine. On October 18 of that year, Crumpton was sentenced to 180 months of imprisonment.

On November 21, 2000, Crumpton filed a motion in his criminal case for the return of property pursuant to Fed. R. Crim. P. 41(e). Crumpton requested several items, including a laptop computer, two electronic scanners, a book entitled The Anarchist Cookbook, and a cellular telephone handbook. The government responded that Crumpton sought the return of items which were part and parcel of his narcotic crimes, and as such, would not be returned. Additionally, the government stated that one of Crumpton's co-defendants still had an appeal pending, and that no evidence would be returned until that appeal was final. On February 16, 2001, the presiding district judge denied Crumpton's motion in a short written order, concluding that the seized property was evidence of narcotic crimes for which Crumpton was convicted, and that such evidence must be preserved pending appeals in the case.

On April 8, 2005, Crumpton filed this Bivens action against Stephani Podolak, the lead assistant United States Attorney in his criminal case. Crumpton alleged that in September and October 1996, FBI agents and state police officers–acting under the FBI's direction and control–conducted a search of his residence, stash house, and vehicle.

Crumpton claimed that the law enforcement officers removed several items of personal property from these locations. Crumpton stated that Podolak subsequently retained possession of his personal property and displayed some of the items during the course of his suppression and pretrial hearings. Crumpton asserted that, since that time, Podolak has failed to initiate forfeiture proceedings concerning his personal property, and thus has deprived him of his property without due process of law. Crumpton conceded that several of the seized items were subject to forfeiture, including contraband, plastic baggies, and other drug paraphernalia, but he alleged that several items were not connected to the crimes he was charged with or convicted of. Rather, he asserted that several items had no evidentiary value and were either part of his registered business or related to his entrepreneurial interests.[3]

## II.

We normally review for abuse of discretion a district court's determination that a complaint is frivolous pursuant to § 1915(e)(2)(B)(i). Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). But where a district court's decision rests on an issue of law, that decision will be reviewed de novo. Id. (citing Skaggs v. Otis Elevator Co., 164 F.3d 511, 514 (10th Cir. 1998)); see Perez v. Ellington, 421 F.3d 1128, 1133 (10th Cir. 2005)

---

[3] Crumpton's alleged list of personal property includes: a laptop computer; a frequency counter; two handheld scanners; a wall safe; tool sets; The Anarchist Cookbook; a notebook of personal phone numbers; a cellular modification handbook; two bullet proof vests; two handguns; a backpack; a watch; a cellular telephone; a wallet; shoes; and "various records, documents and papers."

(stating that we review absolute immunity determinations de novo) (citation omitted). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Perkins v. Kansas Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999) (citation omitted). "Further, we must liberally construe the allegations of a pro se complaint." Id.

It is well established that prosecutors are absolutely immune from suit for activities "intimately associated with the judicial phase of the criminal process," such as initiating and pursuing a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Imbler and its progeny distinguish between "the prosecutor's role as advocate . . . , which demands absolute immunity," and the prosecutor's performance of investigative and administrative functions, which "warrants only qualified immunity." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994).

Crumpton characterizes Podolak's purported wrongdoing–the retention of his seized personal property without due process of law–as inherently *administrative* in nature. He claims that Podolak's conduct transpired outside the judicial process, i.e., after the criminal case against him concluded. Our decision in Coleman v. Turpen, 697 F.2d 1341 (10th Cir. 1982), is instructive on this matter.

In Coleman, the plaintiff, who was convicted of murder and sentenced to death, alleged that a sheriff, a state prosecutor, and an automobile wrecking company deprived

him of property that was seized in his arrest without due process of law. Specifically, the plaintiff sought the return of $210 in cash, a camper, and a box of tools. Id. at 1343. As a threshold matter, we concluded that the plaintiff had a cause of action under § 1983 if he was deprived of his property through state action without due process of law, and that the defendants could be held liable in damages unless they were protected by immunity. Id.

Relevant to Crumpton's claims, we held in Coleman that the prosecutor was entitled to absolute immunity for his role in retaining the cash pending the plaintiff's criminal appeals because such conduct was related to the prosecutor's presentation of the state's case. Id. at 1344; see Parkinson v. Cozzolino, 238 F.3d 145, 153 (2d Cir. 2001) (holding that "absolute immunity shields prosecutors from liability for the retention of evidence after conviction while a direct appeal is pending"); Thompson v. Walbran, 990 F.2d 403, 404 (8th Cir. 1993) (concluding that the prosecutor was entitled to absolute immunity for retaining the defendant's property because the evidence would be needed at a new trial if the defendant succeeded on direct appeal or his § 2255 petition). We also concluded that the prosecutor's participation in the illegal sale of seized property entitled the prosecutor only to qualified immunity.[4] Specifically, we determined that in managing the post-trial disposition of the camper and tools, which were not used as evidence and which the state did not intend to keep, the prosecutor acted as an *administrator*. Id. at

---

[4] Crumpton does not allege that Podolak has attempted to sell or otherwise dispose of his seized personal property.

1346; see Giuffre v. Bissell, 31 F.3d 1241, 1253 (3d Cir. 1994) (determining that the prosecutor was not entitled to absolute immunity because his actions in the alleged improper sale of seized property involved administrative duties).

Podolak's alleged retention of Crumpton's seized property throughout Crumpton's criminal case and any subsequent appeals constitutes prosecutorial conduct and entitles Podolak to absolute immunity. In those circumstances, the prosecutor acts as an advocate, carrying out the government's interest in preserving evidence until a criminal defendant has exhausted his appeals. Coleman, 697 F.2d at 1344. But the issue here is whether Podolak is entitled to absolute immunity for her alleged retention of Crumpton's property without due process of law *after* the conclusion of Crumpton's criminal case (emphasis added).[5]

---

[5] Indeed, it appears that Crumpton has even exhausted his post-conviction appeals. On October 9, 2001, Crumpton filed a *pro se* petition pursuant to 28 U.S.C. § 2255 in his original criminal case. The district court denied Crumpton's petition and his request for a certificate of appealability (COA). On appeal, we denied Crumpton's request for a COA, as well as his request to convert his § 2255 petition into a direct appeal. United States v. Crumpton, No. 02-1339, 2003 WL 1383555 (10th Cir. Mar. 20, 2003). The Supreme Court denied certiorari on November 3, 2003. Crumpton v. United States, No. 03-6686, 540 U.S. 998 (2003). On November 26, 2004, Crumpton filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On December 9, 2004, the district court transferred the § 2255 petition to this court. On February 1, 2005, we denied Crumpton's motion for permission to file a second or successive 28 U.S.C. § 2255 petition. Crumpton v. United States, No. 04-1535 (10th Cir. Feb. 1, 2005). Finally, on February 8, 2006, we again denied Crumpton's petition for permission to file a second or successive 28 U.S.C. § 2255 to challenge the sentence imposed by the district court in 2000. Crumpton v. United States, No. 06-1006 (10th Cir. Feb. 8, 2006).

Podolak may be entitled to qualified immunity for her role, if any, in regards to the management and retention of Crumpton's personal property after the conclusion of his criminal appeals. See Reitz v. County of Bucks, 125 F.3d 139, 147 (3d Cir. 1997) (stating that the prosecutor was entitled to qualified immunity concerning conduct in the management and retention of the defendants' property after trial, which included "conduct in delaying the return of the seized property"); Morris v. Jackson, 353 F. Supp. 2d 1199, 1202 (D. Ala. 2005) (concluding that qualified immunity, not absolute immunity, applied to the prosecutor's continued retention of property after the grand jury's failure to indict); Roderick v. City of Gulfport, 144 F. Supp. 2d 622, 636-37 (S.D. Miss. 2000) (determining that the prosecutor was not entitled to absolute immunity with respect to her role in retaining property following the final conclusion of the defendant's criminal case). After a criminal prosecution has reached its final conclusion, the government's interest in seized property dissipates, along with the prosecutor's role as an advocate. See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991) (explaining that "the more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolutely immunity will attach") (citation omitted). Where applicable, qualified immunity provides sufficient protection from liability to prosecutors managing and retaining a criminal defendant's seized property after the criminal case, appellate and post-conviction review are completed. Coleman, 697 F.2d at 1346-47; Schrob v. Catterson, 948 F.2d 1402, 1419 (3d

Cir. 1991).  And to hold otherwise "would allow the government to seize [and continue to retain] property . . . without accountability."  Schrob, 948 F.2d at 1420.

Crumpton alleges that Podolak has continued to retain his seized personal property without initiating forfeiture proceedings.  He contends that he lawfully owned and possessed all the property retained by Podolak, with the exception of contraband and other drug paraphernalia.  He also claims that his requested property was not relevant to the crimes he was charged with or convicted of, or used as evidence against him.  Accepting these allegations as true, as we must, Crumpton has alleged conduct outside of Podolak's role as advocate.  We decline to consider whether Podolak is entitled to qualified immunity, and abide by the general rule that qualified immunity must be considered in the first instance by the district court.  Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir. 1998); Cannon v. Denver, 998 F.2d 867, 876 (10th Cir. 1993).[6]

In summary, Crumpton's allegations are sufficient to avoid *sua sponte* dismissal under § 1915(e)(2)(B)(i).  Again, we offer no opinion on the merits of a qualified immunity defense, or any other grounds which may subject Crumpton's claims against Podolak to dismissal.  We also do not foreclose the possibility that Podolak could be

---

[6] We note that the district court's order denying Crumpton's motion to reconsider stated that Podolak was entitled to qualified immunity, as opposed to absolute immunity which was the sole basis for the court's initial ruling.  Whether this reference to qualified immunity was a mistake or not, we refuse to consider the reference to qualified immunity in the order denying reconsideration as an adjudication of the qualified immunity issue on its merits.

entitled to absolute immunity if it was shown that the retention of Crumpton's personal property was necessary for her role as advocate, such as the preservation of evidence in the criminal case of one of Crumpton's co-defendants.

Accordingly, we REVERSE the district court's dismissal of Crumpton's complaint and REMAND for further proceedings consistent with this opinion. Crumpton's motion to supplement his argument on appeal is GRANTED. Crumpton's motion to amend his complaint on appeal is DENIED, but Crumpton may seek to amend his complaint before the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge