[Cite as *Kennedy v. Specht*, 2018-Ohio-3629.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| KATHLEEN KENNEDY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2017-A-0079** |
| HAROLD E. SPECHT, JR., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CV 0871.

Judgment: Reversed and remanded.

*Timothy T. Reid, Michael P. Quinlan,* and *Veronica T. Garofoli*, Mansour Gavin LPA, North Point Tower, 1001 Lakeside Avenue, Suite 1400, Cleveland, OH 44114 (For Defendants-Appellees).

*James Kennedy*, pro se, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044, and *Kathleen Kennedy*, pro se, 2381 State Line Road, Pierpont, OH 44082 (Plaintiffs-Appellants).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants appeal the Judgment of the Ashtabula County Court of Common Pleas, dismissing their Complaint for failure to state a claim upon which relief may be granted. The issue before this court is whether prosecuting attorneys are entitled to absolute immunity from civil liability for their role in the disposing of seized property after the conclusion of judicial proceedings. For the following reasons, we

reverse the decision of the court below and remand this matter for further proceedings consistent with this opinion.

{¶2} On December 30, 2016, plaintiffs-appellants, Kathleen and James Kennedy, filed a Civil Complaint in the Ashtabula County Court of Common Pleas against Nicholas A. Iarocci, Ashtabula County Prosecutor, and Harold E. Specht, Jr., Chief Assistant Prosecutor. The Complaint alleged, in relevant part:

> On June 12, 2011, a Search Warrant was issued * * * for the residential property of the plaintiffs, in connection with a series of criminal charges ultimately lodged against Plaintiff James Kennedy * * *[.]
>
> In the execution of the Search Warrant, a large amount of firearms and ammunition * * *, all legally jointly owned by both plaintiffs were seized * * *[.]
>
> * * *
>
> In early April, 2016, Plaintiff James Kennedy encountered a prisoner law clerk * * * [who] assisted him in drafting a Motion to Order Release of Property seeking the release of the Plaintiff's property to Plaintiff Kathleen Kennedy, * * * which was filed in the Court on April 19, 2016[.]
>
> On April 26, 2016, the Trial Court answered the pleading, stating "Per the Judgment Entry filed June 18, 2014, the property was destroyed" and dismissing the Motion as moot[.]
>
> * * *
>
> Upon receipt of the Court's decision on the Motion to Order Release of Property, Plaintiff Kathleen Kennedy went to the Courthouse and * * * found an Entry dated 05/29/14 entitled "Motion to Dispose of Evdeince [sic] with certificate of service" * * * which was granted by Entry dated 06/18/1[4] * * *[.] [T]he certificate of service claimed that service had been effected "via e-mail" to attorney Ronald D. Yarwood, on May 29, 2014 * * *[.]
>
> The "Motion to Dispose of Evidence" was executed by Defendant Chief Assistant Ashtabula County Prosecutor Harold E. Specht, Jr., under the name of Defendant Ashtabula County Prosecutor

2

Nicholas A. Iarocci as the progenitors of the pleading, as well as the claim of service thereof[.]

* * *

Attorney Ronald D. Yarwood had been trial counsel for Plaintiff James Kennedy and had moved to be withdrawn as such, with the motion granted and duly entered on the docket, with notice to the prosecutor, * * * on January 18, 2013 * * *[.]

* * *

Attorney Yarwood, upon reviewing his e-mail, found no indication that he had ever been served with the defendants' pleading, * * * and confirm[ed] that the motion was filed well after Attorney Yarwood had ended his representation of Plaintiff James Kennedy.

{¶3} Based on these allegations, the Kennedys sought relief under theories of fraudulent conversion, wrongful taking, bailment, and wrongful conversion.

{¶4} On February 23, 2017, Specht and Iarocci filed a Motion to Dismiss pursuant to Ohio Civ.R. 12(B)(6), on the grounds that "the Defendants are entitled to absolute immunity and Plaintiffs cannot state a claim upon which relief can be granted."

{¶5} On March 9, 2017, the Kennedys filed a Memorandum contra Motion to Dismiss, to which Specht and Iarocci filed a Response on March 21, 2017.

{¶6} On October 30, 2017, the trial court issued a Judgment Entry, granting the Motion to Dismiss. The court ruled: "[T]he individually named Defendants, as prosecuting attorneys, are immune from individual liability in the course of performing prosecutorial functions in this matter, based upon the factual allegations. * * * Furthermore, Plaintiff James Kennedy is precluded from owning firearms due to his felony convictions. * * * There are not sufficient facts to show Plaintiff Kathleen Kennedy has an ownership interest in the contraband entitling her to any relief."

3

{¶7} On November 15, 2017, the Kennedys filed a Notice of Appeal. On appeal they raise the following assignment of error:

{¶8} "[1.] The Trial Court erred as a matter of law in affording absolute prosecutorial immunity to the defendants as a basis for dismissal under Civ.R. 12(B)(6)."

{¶9} Ohio Civil Rule 12(B)(6) provides for the dismissal of a cause of action for "failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶10} An order granting a motion to dismiss for failure to state a claim upon which relief may be granted is "subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶11} Under Ohio political subdivision tort liability law, "an employee [of a political subdivision] who is a county prosecuting attorney * * * is entitled to any defense or immunity available at common law or established by the Revised Code." R.C. 2744.03(A)(7).

{¶12} At common law, "prosecutors are considered 'quasi-judicial officers' entitled to absolute immunity granted judges, when their activities are 'intimately associated with the judicial phase of the criminal process.'" *Willitzer v. McCloud*, 6 Ohio

4

St.3d 447, 449, 453 N.E.2d 693 (1983), citing *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "However, 'absolute immunity does not extend to a prosecutor engaged in essentially investigative or administrative functions'[;] * * * [w]hile performing these functions, he is entitled to only a qualified immunity." (Citation omitted.) *Id.*

{¶13} The trial court dismissed the Kennedys' Complaint on the grounds that Specht and Iarocci were entitled to prosecutorial immunity under the facts alleged. We disagree. The conduct at issue in the present case involves the disposition of property following the close of a criminal prosecution. This is a quintessentially administrative matter inasmuch as the judicial phase of the proceedings had closed prior to Specht and Iarocci moving to dispose of the evidence.[1]

{¶14} This conclusion is supported by the sound judicial reasoning of the federal appellate courts:

> After a criminal prosecution has reached its final conclusion, the government's interest in seized property dissipates, along with the prosecutor's role as an advocate. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir.1991) (explaining that "the more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolutely immunity will attach") (citation omitted). Where applicable, qualified immunity provides sufficient protection from liability to prosecutors managing and retaining a criminal defendant's seized property after the criminal case, appellate and post-conviction review are completed. *Coleman,* 697 F.2d at 1346-47; *Schrob v. Catterson*, 948 F.2d 1402, 1419 (3d Cir.1991). And to hold otherwise "would allow the government to seize [and continue to retain] property ... without accountability." *Schrob,* 948 F.2d at 1420.

---

1. On October 29, 2012, James Kennedy pled guilty to Attempted Aggravated Murder and multiple counts of Felonious Assault. This court affirmed James' conviction on October 15, 2013. *State v. Kennedy*, 11th Dist. Ashtabula No. 2013-A-0002, 2013-Ohio-4553.

*Crumpton v. Podolak*, 171 Fed.Appx. 745, 749 (10th Cir.2006); *Herrin v. Dunham*, E.D.Mich. No. 05-CV-10245, 2008 WL 2781456, *7 ("the 'retention and alleged mismanagement of the seized property' that is not used as evidence falls within the breadth of administrative functions for which the prosecutor is only entitled to qualified immunity") (citation omitted) (cases cited).

{¶15} The other reasons proffered by the trial court in support of dismissal are likewise inadequate. As a person convicted of a "felony offense of violence," James has lost the right to "acquire, have, carry, or use any firearm or dangerous ordnance." R.C. 2923.13(A)(2). The statute does not stand for the proposition that any ownership rights or interests James may have in a firearm or dangerous ordnance are automatically forfeit. Moreover, James' inability to possess firearms has no relevance to Kathleen's alleged ownership interest in the seized property.

{¶16} Kathleen has not demonstrated "sufficient facts to show [she] has an ownership interest in the contraband," but she has pled an ownership interest. For the purposes of deciding a motion to dismiss, her claim of having an ownership interest must be accepted as true. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988) ("[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true"); *State ex rel. Cincinnati Inquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 7 ("in general, a plaintiff 'is not required to prove his or her case at the pleading stage'") (citation omitted).

{¶17} The sole assignment of error is with merit.

{¶18} For the foregoing reasons, the Judgment of the Ashtabula County Court of Common Pleas, dismissing the Kennedys' Complaint for failure to state a claim upon

6

which relief could be granted, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellees.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶19} I respectfully dissent.

{¶20} "A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted, according to Civ.R. 12(B)(6). An appellate court's review of a dismissal under Civ.R. 12(B)(6) is de novo. *West v. Sheets,* 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶9, citing *Mitchell v. Speedy Car X, Inc.* (1998), 127 Ohio App.3d 229, 231 * * *. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), '"(* * *) it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."' *Taylor v. London* (2000), 88 Ohio St.3d 137, 139 * * *, quoting *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, * * * syllabus. "'A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory.'" *Firstmerit Corp. v. Convenient Food Mart, Inc.* (Mar. 7, 2003), 11th Dist. No. 2001-L-226, 2003-Ohio-1094, at ¶7, quoting *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667 * * *. Thus, '(i)n construing a complaint upon a motion to dismiss for failure to state a claim, we must

7

presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.' *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192 * * *." (Parallel citations omitted.) *Karnofel v. Beck*, 11th Dist. Trumbull No. 2008-T-0057, 2008-Ohio-6874, ¶8.

{¶21} Civ.R. 12(B)(6) states in part: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

{¶22} R.C. 2744.03, "Defenses and immunities," provides in part:

{¶23} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

{¶24} "(1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.

{¶25} "* * *

{¶26} "(7) The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state

8

is entitled to any defense or immunity available at common law or established by the Revised Code."

{¶27} "'It is well-settled that prosecutors are considered "quasi-judicial officers." *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 448 * * *; see, also, *Imbler v. Pactman* (1976), 424 U.S. 409, 430 * * *. In executing duties "intimately associated" with the "judicial phase" of a particular proceeding, e.g., initiating a prosecution, a prosecutor is entitled to absolute immunity from civil liability. *Id.* at 424. * * * Affording a prosecutor complete immunity in such situations is premised upon the public's compelling interest in protecting the integrity of the judicial process. *Willitzer* at 448 * * *; see, also, *Imbler* at 427. Without full immunity, a prosecutor would be discouraged from the vigorous and fearless performance of his or her duties that is necessary to the proper function of the judicial system at large. *Id.* at 428. Thus, although a genuinely wronged defendant (or respondent) may be without a civil remedy, "(* * *) it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Id.,* quoting *Gregoire v. Biddle* (1949), 177 F.2d 579, 581.' *Transky* [*v. Ohio Civil Rights Comm.*, 193 Ohio App.3d 354, 2011-Ohio-1865,] at ¶13.

{¶28} "Alternatively, if a prosecutor engages in actions that can be considered merely investigative or administrative, he or she is entitled only to qualified immunity. *Id.* at ¶14 * * *; citing *Willitzer, supra.* In considering whether a prosecutor is absolutely immune, or merely qualifiedly immune, courts utilize a 'functional analysis' of the conduct in question. *Willitzer* at 449 * * *; see, also, *Transky, supra.*" (Parallel citations omitted.) *Grybosky v. Ohio Civil Rights Comm.*, 11th Dist. Ashtabula No. 2010-A-0047, 2011-Ohio-6843, ¶20-21.

9

**{¶29}** In this case, appellees are prosecuting attorneys, i.e., "quasi-judicial officers." The act of filing a motion to dispose of evidence with the trial court by appellees qualifies as an act "intimately associated" with the "judicial phase" of a particular proceeding and is neither administrative nor investigative. *Grybosky, supra,* at ¶20-21. All factual allegations made in appellants' complaint relate to actions taken by appellees while acting as advocates of the state.

**{¶30}** Appellants raise an issue regarding lack of service of appellees' motion to dispose of evidence and allege that appellees' intent was to defraud them of their property. The record before us, however, does not establish that appellees acted with any malice or bad faith. No exception to the provision of prosecutorial immunity applies here. R.C. 2744.03(A) and (B).

**{¶31}** In any event, this writer stresses that Mr. Kennedy is precluded from owning firearms due to his felony convictions, he cannot delegate the authority to possess the firearms to another individual, and Mrs. Kennedy failed to produce any proof of ownership. *See U.S. v. Headley*, 50 Fed.Appx. 266, 267 (6th Cir.2002) (Holding that as a convicted felon, the defendant was prevented from possessing the guns and ammunition. Because the defendant lacked the power to lawfully possess the firearms himself, he also could not delegate the authority to possess the firearms to another individual. Thus, the defendant could not seek return of the firearms and ammunition nor could he request that they be transferred to a third-party for him.)

**{¶32}** Because appellees are entitled to absolute immunity, the trial court did not err in granting their Civ.R. 12(B)(6) motion to dismiss.

**{¶33}** I respectfully dissent.