[Cite as *Kennedy v. Specht*, 2020-Ohio-624.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| KATHLEEN KENNEDY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO.  2019-A-0066** |
| HAROLD E. SPECHT, JR., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CV 0871.

Judgment: Affirmed.

*Kathleen Kennedy*, pro se, 2381 State Line Road, Pierpont, OH 44087, and *James E. Kennedy*, pro se, PID# A634-241, Grafton Correctional Institution, 2500 South Avon-Belden Road, Grafton, OH 44044 (Plaintiffs-Appellants).

*Timothy T. Reid* and *Veronica T. Garofoli*, Mansour Gavin LPA, 1001 Lakeside Avenue, Suite 1400, Cleveland, OH 44114 (For Defendants-Appellees).

MATT LYNCH, J.

{¶1}    Plaintiffs-appellants, Kathleen and James Kennedy, appeal the judgment of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Harold E. Specht, Jr. and Nicholas A. Iarocci, and denying the same to the Kennedys.  For the following reasons, we affirm the decision of the court below.

{¶2}    On December 30, 2016, the Kennedys filed a Complaint against Iarocci,

the Ashtabula County Prosecutor, and Specht, Chief Assistant Prosecutor, based on theories of fraudulent conversion, wrongful taking, bailment, and wrongful conversion. It was alleged in the Complaint that "a large amount of firearms and ammunition" belonging to the Kennedys had been seized during the course of a criminal investigation of James Kennedy. Following James' conviction, Iarocci and Specht moved the trial court to dispose of the seized evidence. The motion was not served on the Kennedys. Instead, it was served upon James' trial counsel, Ronald D. Yarwood.

> At the time of the filing of the defendants' motion to dispose of the Plaintiffs' property, Ronald D. Yarwood had not been counsel to or representing either plaintiff for well over sixteen months, which was not only a matter of record, but was specifically made known to the defendants herein by service of the entry by the Court, and, as such, there was an absence of proper service to provide notice and opportunity to be heard to either plaintiff of the filing of the Motion seeking to dispose of their property, and such failure of service was knowing and/or reckless and negligent on the part of the defendants herein.

Complaint at ¶ 21.

{¶3} The Certificate of Service attached to the Motion to Dispose of Evidence indicates service was effected "via e-mail, this _29th_ day of May, 2014, to, RONALD D. YARWOOD, DEGENOVA A FREDERICK VOUROS & YARWOOD LTD, THE LIBERTY BLDG, YOUNGSTOWN, OH 44503." A letter, dated August 31, 2016, from Attorney Yarwood states: "I have done a cursory search of my e-mail system and do not see any indication that that motion was sent to me via e-mail as indicated by the prosecutor in the motion."

{¶4} On October 30, 2017, the Complaint was dismissed, inter alia, on the grounds that Iarocci and Specht "are immune from individual liability in the course of performing prosecutorial functions in this matter, based upon the factual allegations."

2

The Kennedys appealed.

{¶5} This court reversed the trial court, holding that Iarocci and Specht were only entitled to "qualified immunity" inasmuch as "[t]he conduct at issue * * * involves the disposition of property following the close of a criminal prosecution" in what was "a quintessentially administrative matter." *Kennedy v. Specht*, 2018-Ohio-3629, 119 N.E.3d 792, ¶ 13 (11th Dist.).

{¶6} On March 20, 2019, Iarocci and Specht filed a Motion for Summary Judgment.

{¶7} On April 16, 2019, the Kennedys filed a Memorandum Contra the Motion for Summary Judgment and their own Motion for Summary Judgment.

{¶8} On June 26, 2019, Iarocci and Specht filed a Reply Brief in Support of Motion for Summary Judgment.

{¶9} On July 12, 2019, the trial court issued a judgment entry, granting Iarocci and Specht's Motion for Summary Judgment and denying the same to the Kennedys. The court found that Iarocci and Specht were entitled to qualified immunity as employees of a political subdivision and, accordingly, "immune from liability" unless one of the statutorily enumerated exceptions applied. R.C. 2744.03(A)(6). The court held: "No genuine issues set forth by Plaintiff[s] can show they acted maliciously, recklessly, or wantonly. Plaintiffs have not shown bad faith on the part of Defendants when the prosecutors erroneously sent notice of the motion to dispose of evidence to Plaintiff James Kennedy's withdrawn prior counsel and not to James Kennedy personally at his prison address."

{¶10} The trial court ruled that Kathleen Kennedy was not a party to the criminal

action and, therefore, was not entitled to notification. The court further noted that Kathleen's purported common law marriage to James was "not sufficient to establish an ownership interest" inasmuch as "Ohio has not recognized common law marriage since October of 1991." Moreover, as a convicted felon, James was prohibited from possessing guns and ammunition. *United States v. Headley*, 50 Fed.Appx. 266, 267 (6th Cir.2002) (a convicted felon "lacks the power to lawfully possess the firearms himself; he also cannot delegate the authority to possess these firearms to another individual").

{¶11} On August 2, 2019, the Kennedys filed a Notice of Appeal. On appeal, they raise the following assignment of error:

{¶12} "[1.] The trial court erred as a matter of law in affording qualified immunity to the defendants herein and granting the defendants' motion for summary judgment on that basis."

{¶13} Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law," i.e., when "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). An appellate court's "review of a summary-judgment ruling is de novo." *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, 131 N.E.3d 12, ¶ 6.

{¶14} The Kennedys claim that "there is at least a genuine issue of material fact relating to the intentional deception regarding service of the motion to deprive plaintiffs of their property on the part of the defendants":

4

> To begin with, the defendants knew or should have known that Attorney Yarwood was not representing James Kennedy as of well over a year prior to their actions. Secondly, and as specifically alleged in the Complaint, the address set forth in the Certificate of Service <u>was not Yarwood's address and never was</u>. Third, and most importantly, and as fully alleged and articulated in the Complaint * * *, <u>Attorney Yarwood was never served with the pleading</u>. The entire Certificate of Service was falsified and, in doing so, the defendants herein committed fraud.

Appellants' brief at 6, 5.

{¶15} An employee of a political subdivision "is immune from liability unless * * * [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).

{¶16} This court has defined the terms used in the statute as follows:

> "Malicious purpose" is "the willful and intentional design to injure or harm another, generally seriously, through unlawful or unjustified conduct." *Jones v. Norwood*, 1st Dist. Hamilton No. C-120237, 2013-Ohio-350, ¶42. "Bad faith" evinces "dishonest purpose, conscious wrongdoing, the breach of a known duty through some ulterior motive or ill will, as in the nature of fraud, or an actual intent to mislead or deceive another." *Cook* [*v. Cincinnati*, 103 Ohio App.3d 80, 90-91, 658 N.E.2d 814 (1st Dist.1995)]. "Wanton misconduct" is defined as "the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraph three of the syllabus. Finally, "reckless conduct" is "a perverse disregard of a known risk[,]" requiring that the "actor must be conscious that his conduct will in all probability result in injury." *Winkle v. Zettler Funeral Homes, Inc.*, 182 Ohio App.3d 195, 2009-Ohio-1724, 912 N.E.2d 151, ¶ 22 (12th Dist.)[.] "These are rigorous standards that will in most circumstances be difficult to establish * * *." *Argabrite v. Neer*, [149] Ohio St.3d [349], 2016-Ohio-8374, ¶8.

*Clements v. Brimfield Twp. Police Dept.*, 2017-Ohio-4238, 92 N.E.3d 37, ¶ 28.

{¶17} Construing the evidence most strongly in the Kennedys' favor, Iarocci and Specht should have known that Attorney Yarwood was no longer representing James

5

when they filed the Motion to Dispose of Evidence. The Certificate of Service provided an incomplete address for Yarwood (rather than an incorrect address) and Yarwood did not receive notice of the Motion. The Kennedys argue that from these facts it is reasonable to assume that Iarocci and Specht intentionally lied to the trial court about service of the Motion. However, the evidence does not reasonably support the inference that Iarocci and Specht were conscious of any resulting injury from their conduct. James, as a convicted felon, lacked the capacity either to possess or dispose of the firearms and ammunition at issue. Any possessory interest Kathleen may have had was unknown to Iarocci and Specht. Kathleen claimed to have contacted the sheriff's office regarding the return of the property, but not the prosecutor's office. Without evidence that Iarocci and Specht were cognizant of any potential harm resulting from their conduct, they enjoyed the qualified immunity conferred by statute.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of Iarocci and Specht, is affirmed. Costs to be taxed against the appellants.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.